EMMA L. COLEMAN *vs.* BOARD OF APPEAL OF THE BUILDING DEPARTMENT OF THE CITY OF BOSTON.

Suffolk.    October 4, 1932. — November 28, 1932.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Zoning. Boston. Board of Appeal of the Building Department of Boston. Certiorari.*

The board of appeal of the building department of the city of Boston, hearing an appeal, by the owner of property located in a general residence district under the zoning act of the city, St. 1924, c. 488, from a refusal by the building commissioner to give him a permit to remodel a building on his property ɪor a certain business use, found that the appellant's building was located at the intersection of two streets; that it contained three large apartments for which there was no demand; that near it was a block of stores which had existed there before the enactment of the zoning law; that gasoline was sold at one of the stores; that automobile traffic by the appellant's premises was incessant; that the extension of a subway to a nearby point would destroy what little was left of the residential character of the intersection; that a short time previously the police had granted a privilege for a taxicab stand on the street along one side of the property and the taxicab owners were conducting their business there; that the property was "hemmed in" with commercial enterprises; and that the intersection had lost its appearance and adaptability for residential purposes and had assumed the appearance of a local business center. The board concluded that the case presented was a specific one in which the enforcement of the zoning law would work practical difficulty and unnecessary hardship upon the appellant; and varied the application of the law and ordered the building commissioner to issue the permit sought by the appellant. In certiorari proceedings, it was *held*, that the conclusion of the board was not warranted by its findings of fact and that the writ should issue.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Suffolk on February 2, 1932.

The petition and material portions of the respondents'

return are described in the opinion. The case was heard by *Wait*, J., who ordered the writ to issue. The respondents alleged exceptions.

*H. M. Pakulski*, Assistant Corporation Counsel, for the respondents.

No argument nor brief for the petitioner.

CROSBY, J. This is a petition for a writ of certiorari and is brought under St. 1924, c. 488, § 19, paragraph 5. The facts are that the petitioner is the owner of the premises numbered 509 Audubon Road, in Boston; that one Elias Galassi is the owner of the premises numbered 500 and 504 upon said Audubon Road and diagonally opposite the property of the petitioner; that he applied to the commissioner of buildings of Boston for a permit to alter the building on the premises at 500 Audubon Road, which is in a general residence district (R–80 zone), by extending the first story to the street line and remodelling the first story with two stores for business purposes. The building commissioner refused the application on the ground that the proposed alteration would be in violation of St. 1924, c. 488, § 4. From this decision Galassi appealed.

The board, after due notice and hearing, made the following findings: The petitioner Galassi is the owner of the premises in question consisting of a lot of land on Audubon Road, a main highway in Boston, which, with the abutting premises numbered 504 Audubon Road, are located in an R–80 district — a district that permits structures to a height of eighty feet for general residence purposes. On the abutting lot located in the L–80 district is an existing funeral home and funerals are conducted from there more or less constantly. The premises in question, with the adjoining premises of the petitioner, are located on one of the four corners formed by the intersection of Audubon Road and Ivy Street, and on the premises is an existing three-story building containing three large apartments, each of which occupies an entire floor and for which there is no demand. On the opposite corner of the intersection there is a block of eleven stores, plainly visible from Beacon Street, and from all other directions, devoted to various

classes of business. Although these stores existed before the zoning law was passed, one of them accommodates, automobiles with gasoline, by a pipe and hose from the store over the sidewalk to the curb, on a permit granted since the petitioner acquired the premises. The appellant petitions to be permitted to alter the existing building on the premises in question by extending the first story thereof to the street line of Audubon Road, and by remodelling said first story into two places of business, commonly called stores, which shall not be devoted to any use involving manufacture. The premises in question with the adjoining premises of the petitioner (which set back from the street) are hemmed in on each side with commercial enterprises, and relief from an enforcement of the zoning act, which involves an unnecessary hardship upon the appellant in this specific case, can be obtained only from the board of appeal. To compel the petitioner to maintain these premises on the first floor for the purpose for which they are zoned, for residential purposes, would impose practical difficulty and unnecessary hardship upon him peculiar to this specific case. Automobile traffic is so incessant that it might menace the health of occupants of the lower floor of these premises if any could be induced to occupy it. At this time the subway is being extended to a point on Beacon Street at or near Audubon Road, where there will be an exit and entrance tending to divert and increase traffic to the intersection in question three hundred or four hundred feet away. This will destroy what little is left of the residential character of the intersection. Within the past year the police have granted a taxicab stand privilege along the Ivy Street side of the petitioner's property without his knowledge or consent and have placed two tall markers on the sidewalk to indicate the space occupied by the taxicabs. The taxicab owners have since occupied this space and are conducting their business there. The immediate intersection on which the property of the petitioner abuts has already assumed the appearance of a local business center, and has lost its appearance and adaptability for residential purposes. There are no other premises except the abutting

property of the petitioner (upon which a like petition has been filed and like action taken) in this zone that are likewise affected or to which these findings could apply. The granting of relief in this specific case will in no way change or impair the already existing business use of the aforementioned intersection and cannot derogate from the intent and purpose of the zoning act in so far as it relates to this zone. "Therefore, the board is of the opinion that this is a specific case wherein enforcement of the act would involve a practical difficulty and unnecessary hardship upon the petitioner and wherein desirable relief may be granted without substantially derogating from the intent and purpose of the zoning act, and therefore acting under its discretionary power: — The board varies the application of the zoning act (§ 4) in this specific case, annuls the refusal of the building commissioner and orders him to grant a permit as applied for by the petitioner with the following proviso, 'That the proposed stores set on a line with the now existing funeral home on Audubon Road . . . .' "

Thereafter the case was heard on the petition and the return of the respondents by a justice of this court who ordered the writ to issue as prayed for. To this order the respondents excepted.

The authority conferred on the respondents by the statute is *quasi* judicial in its nature. They are required to exercise sound judgment in the proceedings which are brought before them. Their decisions may be examined by certiorari. Their return on a petition for certiorari is "conclusive as to all matters of fact within the jurisdiction," passed upon by them. *Tewksbury* v. *County Commissioners*, 117 Mass. 563, 565. *Marcus* v. *Street Commissioners*, 252 Mass. 331, 333. However, as was said in *Marcus* v. *Street Commissioners*, at pages 333–334: "The jurisdiction of an inferior tribunal not proceeding according to the common law may be the subject of inquiry in certiorari. On reason this must be so, otherwise there could be no direct relief against a decision committed in excess of jurisdiction, because there is commonly no appeal from the decision of such tribunal and wrong would go unredressed. Its deci-

sion that it has jurisdiction cannot be final." Although the findings of fact by the board are final, if it appears upon the face of the return that there were apparent errors of law of a substantial nature they will be reversed by a court of law. *Harper* v. *Board of Appeal of Boston,* 271 Mass. 482.

The findings that the property of the petitioner is less desirable for residential purposes, that there are stores in that vicinity which were there before the zoning law was passed, that there has been an increase in automobile traffic, that the petitioner is unable to rent the apartments in the building, and the other findings are insufficient, as matter of law, to warrant the conclusion that the enforcement of the zoning law would involve practical difficulty or unnecessary hardship. It was said in *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, at page 185: "It is manifest from the tenor of the zoning act as a whole, as well as from § 19, that the power of authorizing variations from the general provisions of the statute is designed to be sparingly exercised. It is only in rare instances and under exceptional circumstances that relaxation of the general restrictions established by the statute ought to be permitted. The power granted is only for the relief of specific instances, peculiar in their nature. It does not extend to modifications or changes of essential particulars of the scheme of the zoning act. It does not include immediate or prospective changes in boundary lines of districts. That power is reserved within narrow limits to the board of zoning adjustment under § 20 . . . . Financial considerations alone, however, cannot govern the action of the board. They are bound to take a broader view than the apparent monetary distress of the owner. Otherwise, there would be no occasion for any zoning law." The contention of the petitioner that he would be able to obtain a greater financial return if his property were located in a business district in itself is not sufficient to warrant the granting of the petition. In the present case, so far as appears, the locality in the vicinity of the petitioner's premises was to a considerable extent used for stores and other business purposes when the zoning law was established. The taxicab stand, the gaso-

line tank, the increased automobile traffic, and the exit and entrance to the subway and persons passing to and from it are not sufficient to justify a variation in the zoning law. The respondent argues that the locality in the vicinity of the petitioner's property "has assumed the appearance of a local business center." But it is apparent that most if not all of the property used for business purposes was so used when the zoning law was adopted. The case of *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446, in some respects is similar to the present case while it differs in others. In that case the decision of the board of appeal to vary the ordinance so as to permit the petitioner to use his premises for business purposes was sustained by this court with hesitation. It was there said at page 448 that "Recognizing that the power of variation is to be sparingly exercised and only in rare instances and under exceptional circumstances peculiar in their nature, and with due regard to the main purpose of a zoning ordinance to preserve the property rights of others, it cannot quite be said here that the action of the board of appeal . . . was without warrant in law."

The present case is distinguishable in its facts from that case and is governed by *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457, 458. See also *Bradley* v. *Zoning Adjustment Board of Boston,* 255 Mass. 160; *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, 185, 186.

*Exceptions overruled.*