ALVIN H. PHILLIPS *vs.* BOARD OF APPEALS OF THE BUILDING
DEPARTMENT OF SPRINGFIELD.

Hampden.    September 21, 1933. — May 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Zoning,* Variance.    *Certiorari.*

Action by the board of appeals of the building department of a city
varying the application of the zoning ordinance thereof so as to per-
mit a building in a residence zone to be used for an undertaking estab-
lishment was quashed in certiorari proceedings against the board
where the facts shown by the board's return were that the building,
once a very large and fine residence located on a spacious lot, no
longer could be sold or rented or used by its owner for that purpose;
that only a few of the fine old residences which formerly made up
the entire district remained; that an armory, including a coal pocket,
was located across the street from the building; that the proposed
alterations to and use of the property would not render it offensive
to any one; that business had not encroached upon the property so
that it was no longer in a residential district; and that some of the
neighbors favored and some vigorously opposed the variation; and
where it did not appear that there was public need for an undertaking
establishment in that locality.

From the record in the case above described, it was evident that the
board's action rested entirely upon the inability of the landowner to
sell, rent or use the property as a residence, which fact alone was
insufficient to show, as required by G. L. (Ter. Ed.) c. 40, § 27A, that
the enforcement of the zoning ordinance would work an "unnecessary
hardship" on the landowner and that the proposed variance of the
ordinance would not substantially derogate from its intent and purpose.

Where, upon a petition for a writ of certiorari, the respondent's certified
record was included in his return, there was no occasion for the writ
of certiorari to issue to bring that record before the court; and, the
record showing that the respondent's action was unwarranted in law,
it was ordered that a writ issue to quash his action.

PETITION for a writ of certiorari, filed in the Supreme
Judicial Court for the county of Hampden on June 24, 1932,
described in the opinion.

The petition was heard by *Wait,* J., who ruled that it
should be dismissed and reported the case for determination
by the full court.

The case was submitted on briefs.

*R. A. Bidwell & C. W. Bosworth*, for the petitioner.

*C. V. Ryan, Jr.*, City Solicitor, & *F. I. Gallagher*, Assistant City Solicitor, for the respondents.

RUGG, C.J.   This is a petition for a writ of certiorari to quash a decision by the respondent board to vary the application of the zoning ordinance of Springfield with respect to a dwelling house in a residence district so that it may be used for an undertaking establishment.   The single justice ruled that the petition should be dismissed, but at the request of the petitioner reported the case for determination by this court upon the petition, the return of the respondents, an agreed statement of facts, and his ruling.

It is conceded that the city of Springfield has adopted a zoning ordinance pursuant to the enabling statute.   See G. L. (Ter. Ed.) c. 40, §§ 25–33.   One of the zones thus established is known as Residence "C" District, from which in general buildings devoted to commercial uses are excluded. There has been compliance with all procedural requirement in respect to the application for variation of the zoning ordinance, notice and hearing thereon, and decision.   At the hearing, some neighbors favored and others opposed the granting of the application.

The return of the respondent board sets out these facts: The property in question is owned by the trustees of Mount Holyoke College and consists of an extremely large brick house located on a spacious lot.   Apparently it once was used as a fine residential estate.   It has been idle for a long period of time.   No one is interested in renting it as a residence or in buying it for a home.   The property is located on a "Y" formed by the junction of Armory and Federal streets.   Federal Street is comparatively short, begins and ends in a business neighborhood, and has on both sides for the greater portion of its length the United States Armory. On its westerly side and directly opposite the property in question is the coal pocket of the armory.   Only one or two of the fine old residences which made up the entire district now remain.   There was evidence that the owner could not afford to carry the place in its present condition; that ex-

perts had advised that the construction of an apartment house on the lot, which is permitted by the ordinance, would prove a loss to the college and a detriment to other apartment houses in the vicinity. No outside alterations in the building are planned. It is proposed, by means of an underground passage between the dwelling house and its garage, to remove from public view all objectionable sights connected with the business, if the proposed variation were granted. The respondent board, in deciding to grant the application for variation of the zoning ordinance, stated that it feels that it is decidedly an unnecessary hardship, at the present time, to force the petitioners to carry the property in its present state; more especially when they have an opportunity to lease or sell it to a reputable concern which will conduct a funeral home on the premises. In the opinion of the board, an undertaking business, although it has been held to be a "commercial enterprise," is on a little higher plane than most other "businesses." Funeral homes and the land surrounding them are notoriously well kept, probably as well kept as any private home or estate; and the mere fact that there is to be a small bronze plaque on the building, indicating that upon the premises some one is carrying on an undertaking business, is not anything that should be regarded as offensive to the senses or feelings of any one. Because the board feels as it does about the future appearance of the property, no changes except what might very properly be termed improvements being contemplated, it concluded that it is not substantially derogating from the intent and purpose of the ordinance in granting the relief that is asked for. It has not been argued that in any respect the decision in form fails to conform to the requirements of G. L. (Ter. Ed.) c. 40, § 27A, and of the city ordinance.

The question to be decided is whether the facts set forth in the return warrant the conclusion that there ought to be variation of the ordinance because (1) its enforcement works "unnecessary hardship" upon the landowner, and (2) desirable relief may be granted without substantially derogating from the intent and purpose of the ordinance. The govern-

ing principles of law have been stated in recent decisions and need not be repeated. *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, 185, 186. *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112, 116–117. *Amero* v. *Board of Appeal of Gloucester,* 283 Mass. 45. The power of variation is to be sparingly exercised. "The financial situation or pecuniary hardship of a single owner affords no adequate ground for putting forth this extraordinary power affecting other property owners as well as the public." *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457. That is a factor entitled to consideration but, standing alone, is not sufficient. The chief purpose of a zoning statute has relation to the public welfare. *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112. *People* v. *Walsh,* 244 N. Y. 280, 287. Circumstances which led to a different result in *Hammond* v. *Board of Appeal of Springfield,* 257 Mass. 446, *Marinelli* v. *Board of Appeal of Boston,* 275 Mass. 169, and *Amero* v. *Board of Appeal of Gloucester,* 283 Mass. 45, are absent here. There is no finding of a public need at this place for an undertaking establishment, which confessedly is a business or commercial enterprise. *Building Commissioner of Brookline* v. *McManus,* 263 Mass. 270. Business has not encroached upon this property so that it is no longer in a residential district. The neighbors are not in accord in approving this variation, but some stoutly oppose it. The property itself has never been used for business.

It is evident that the action of the respondent board rests entirely upon the inability of the owner to rent the property as a residence. That alone is not a sufficient reason for varying the ordinance, and does not show that the desired variation will not derogate from the purpose and intent of the ordinance. The case at bar is governed by *Coleman* v. *Board of Appeal of Boston,* 281 Mass. 112.

The record of the respondents has been certified by them and included in their return. Therefore there is no occasion for the writ of certiorari to issue to bring before the court that record. Writ is to issue to quash that record.

*So ordered.*