JOHN G. BRACKETT, trustee, *vs.* BOARD OF APPEAL OF THE BUILDING DEPARTMENT OF BOSTON & another.

Suffolk.    December 1, 1941. — February 25, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, & COX, JJ.

*Zoning.  Boston.*

A variance granted under § 19 of the zoning law of Boston, St. 1924, c. 488, to the proprietor of a hotel permitting him to use a nearby lot owned by him and located in a general residence district for the parking of his patrons' automobiles "until such time as" he could "propitiously develop the lot for the purpose for which it is zoned," was not justified by the facts that use of the lot for a hotel and certain other buildings allowed in that district by § 4 of the zoning law was prevented by an equitable restriction permitting its development by a single family residence only, that the juxtaposition of a local business district made such development impractical, that the trend of real estate in the vicinity was away from such residences, and that the proprietor had purchased the lot in good faith "to take care of" his "serious parking problem," thinking that he could go through the proper channels to get permission for use of it for that purpose.

Under § 19 of the zoning law of Boston, St. 1924, c. 488, "practical difficulty or unnecessary hardship" must pertain to the premises for which the variance is sought, not other premises owned by the same person.

PETITION for a writ of certiorari, filed in the Superior Court on February 24, 1941.

The case was heard by *Fosdick*, J.

*J. G. Brackett*, pro se.

*K. Hern*, Assistant Corporation Counsel, (*J. W. Kelleher*, Special Assistant Corporation Counsel, with him,) for the respondent board.

Cox, J.  This is a petition for a writ of certiorari brought in the Superior Court (St. 1924, c. 488, § 19, G. L. [Ter. Ed.] c. 213, § 1A, as inserted by St. 1939, c. 257, § 1), to quash a decision by the respondent board varying the application of the zoning law of the city of Boston with respect to a vacant lot of land in a general residence district, so that it may be used as a parking space.  The petition was

ordered dismissed "as a matter of law and not as a matter of discretion," and the petitioner alleged exceptions. The Sheraton, Inc., a corporation, was joined as a respondent, but no question is raised as to the propriety of the order of the Superior Court dismissing the petition as to it. The question presented is whether the respondent board exceeded its authority.

The city of Boston is excepted from the provisions of G. L. (Ter. Ed.) c. 40, §§ 25–30A, inclusive, as amended, and the provisions of law regulating and restricting the use of buildings and premises in the city, constituting, in effect, the zoning law of said city (*Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 453) are found in St. 1924, c. 488, as amended. Section 4 of said c. 488 provides that in a general residence district no building or premises shall be erected, altered or used except for one or more of the following uses: (1) any use permitted in a single residence district; (2) dwellings; (3) clubs, social or recreational buildings, except clubs the chief activity of which is a service customarily carried on as a business; (4) hotels, provided they conform to all the requirements of the act for dwellings; (5) accessory uses customarily incident to any of the above uses, the term "accessory use" to be construed as in § 3 (see St. 1933, c. 204, § 3, that now permits as an accessory use elsewhere than in a thirty-five foot district a garage in the basement or cellar, or both, of a building); and (6) telephone exchange offices. There is a further provision that in a general residence district the building commissioner may grant a permit for physicians' offices, provided the building or use is not detrimental or injurious to the residential character of the neighborhood, and by St. 1925, c. 219, § 4, the commissioner may grant a permit for dentists' offices as well. By the provisions of § 3 of said c. 488, as amended by St. 1933, c. 204, § 1 (a), it is provided that the term "accessory use" shall not include a garage or parking of automobiles, except garage space for or parking of not more than three automobiles, of which not more than one may be a commercial vehicle, provided that such a garage, "except a building exempted from be-

ing licensed as a garage by section fourteen of chapter one hundred and forty-eight of the General Laws, is licensed as provided in paragraph (9)" by the board of street commissioners. It appears that the lot in question is in a general residence district that permits structures to be erected to a height of eighty feet, "and to be used for general residence purposes as enumerated under the provisions of Section 4, chapter 488, Acts of 1924, as amended." In a proceeding of this character only errors of law apparent upon the face of the record can be reviewed. Findings of fact are not open to revision. *Bradley* v. *Zoning Adjustment Board of Boston*, 255 Mass. 160, 163. Primarily, it is a question of fact whether the action of the board of appeal is warranted, although it may become a question of law. *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177, 186.

Statute 1924, c. 488, § 19, provides that the board of appeal, as provided for in the building law of the city of Boston, may vary the application of the zoning law of the city "in specific cases wherein its enforcement would involve practical difficulty or unnecessary hardship and wherein desirable relief may be granted without substantially derogating from the intent and purpose of . . . [the law], but not otherwise." No question is raised as to compliance by the board with requirements as to notice or as to the unanimity of its vote in rendering its decision. The power of the board of appeal to authorize a variance is the same as that conferred upon the board of appeals under G. L. (Ter. Ed.) c. 40, § 30, inserted by St. 1933, c. 269, § 1.

By the provisions of § 19 of said c. 488, the board is required to cause to be made "a detailed record of all its proceedings, which record shall set forth the reasons for its decisions," and it has been held that these words mean that there must be set forth in the record substantial facts which rightly can move an impartial mind acting judicially, to the definite conclusion reached. This requirement is not satisfied by a mere repetition of the statutory words. Minute recitals may not be necessary, but there must be a definite statement of rational causes and motives, founded upon

adequate findings. *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451, 457–458.

It appears from the respondents' return that the building commissioner of the city of Boston denied the application of The Sheraton, Inc., hereinafter referred to as the corporation, for a permit to use the premises in question for the parking of automobiles, with a sign incidental thereto. The corporation appealed from this decision, and petitioned the board of appeal to vary the application of the zoning law so as to permit the parking of automobiles and necessary signs on the premises in question. The board found, as set out in its decision, that there is a "deed restriction" on the premises in question which runs until 1950 (see *Jenney* v. *Hynes,* 282 Mass. 182, 185, 186); "hence the property cannot be developed for the purpose for which it is zoned other than as a single family dwelling house. Such a development would be impractical as said premises abut a Local Business (L–80) District — a Local Business Boundary line running through the alleyway separating the premises in question from the abutting premises; and permitting on said abutting premises a structure 80' in height to be used for any business, trade or industry as enumerated under the provisions of Section 5 of the Zoning Act here in issue. The actual trend of real estate in this vicinity is distinctly away from single residences. None are being built and many residences are occupied, in part, by professional offices so this street can no longer be considered a single family area." It is to be observed that § 3 of said c. 488 provides for single residence districts. Further findings are that the corporation is the owner of a large hotel, the Hotel Sheraton, that is located on Bay State Road within about one hundred feet of the premises in question, and that a serious parking problem incidental to the effective conduct of the hotel has arisen; that there is very little available parking space around the hotel; that Bay State Road is a much traversed and busy thoroughfare; "therefore, . . . [the corporation] in good faith purchased the premises . . . [in question], in order to take care of its parking problem, thinking it could go

through the proper channels in order to get relief to permit the parking of only its patrons' cars with no fee attached to same. . . .   The Board has in mind the problem of a hotel situated in a general residential district located on one of the busiest thoroughfares in that section of the City of Boston, and it has in mind the close proximity of the Local Business Boundary Line to the premises here in issue, as well as the hardship involved in being unable to advantageously develop, or in any way to make productive, the lot for the purpose for which it is zoned; therefore, the Board finds that temporary relief should be granted . . . [the corporation] until such time as . . . [it] can propitiously develop the lot for the purpose for which it is zoned." It is also found that the premises in question are plainly of the class usable for the type of occupancy requested and are peculiarly adapted for that purpose; that public necessity and public safety will be served by affording the requested off-street parking facilities which will tend to relieve dangerous traffic congestion and will confer a benefit to the neighborhood as it will tend to preserve, if not to enhance, real estate values in the general area, which tend to depreciate because of traffic and parking concentration. The board states that it is satisfied that the restricting of the premises in question to a residential district will not promote the health, safety, convenience and general welfare of the inhabitants of that part of the city, taking into account the natural development thereof and the character of the district and the resulting benefit to accrue to the whole city. It concludes, therefore, that the enforcement of the law in this specific case involves practical difficulty and unnecessary hardship, not only upon the corporation, but also upon the nearby property owners and upon the general public who constantly pass and repass this important section.

A variance was granted, the refusal of the building commissioner to grant a permit to use the premises in question for the parking of automobiles with necessary signs was annulled, and he was ordered to grant a permit in accordance with the decision of the board subject to provisions

that an attendant be provided by the hotel, that the parking space be limited to its patrons and guests, that no fee be charged for parking, that shrubbery be planted on that part of the premises facing Bay State Road and Deerfield Street, and that the varying of the application of the zoning law be limited to March 1, 1943.

The governing principles of law relating to the power to authorize variances need not be repeated. The question to be decided is whether the facts set forth in the return warrant the conclusion that there ought to be a variance because (1) the enforcement of the law works "'unnecessary hardship' upon the landowner," and (2) desirable relief may be granted without substantially derogating from the intent and purpose of the law. *Phillips* v. *Board of Appeals of Springfield*, 286 Mass. 469, 471–472, and cases cited.

Certain facts stand out prominently in the findings of the board. Although the premises in question are in a general residence district, there is a restriction that nothing but a single family dwelling house can be erected. A zoning law cannot constitutionally relieve land within the district covered by it from lawful restrictions affecting its use. *Vorenberg* v. *Bunnell*, 257 Mass. 399, 408. *Jenney* v. *Hynes*, 282 Mass. 182, 194. This was said by the court with respect specifically to St. 1924, c. 488. It would seem that the hardship in the case at bar, in so far as the premises in question are concerned, is that they are restricted in development to the erection of a single family dwelling house. The finding of the board that the trend of real estate in the vicinity is distinctly away from single residences and that many residences are occupied, in part, by professional offices, so that Bay State Road can no longer be considered a single family area fails to take into account the fact that the premises are not zoned in a single residence district, as provided for by § 3 of said c. 488. On the contrary, they are in a general residence district, and the fact that many of the residences are occupied by professional offices is within the purview of § 4 of said c. 488, as amended. In this connection it is to be observed that the building com-

missioner may grant a permit for physicians' and dentists' offices, "provided the building or use is not detrimental or injurious to the residential character of the neighborhood." (§ 4.) There is no finding of the board that the trend of real estate in the vicinity of the premises is away from general residences. The premises are zoned for the uses defined by said § 4. The restriction, so long as it stands, prevents the owner from making use of the lot for the erection of buildings that would be otherwise permitted, and the zoning law, unless varied, prevents the use for the parking of automobiles to the extent that the variance seeks to permit. In view of the finding of the board that temporary relief should be granted the corporation until such time as it can propitiously develop the lot for the purpose for which it is zoned, it would seem that the board had in mind the disadvantage of the corporation arising from the restriction upon its lot, rather than any disadvantage attributable to the fact that the premises are zoned in a general residence district. In short, apart from the fact that the premises in question are restricted to a single family dwelling, there is no finding that there are any other conditions that render the premises unsuitable for residential and other uses permissible under the zoning law, and which apply generally to all other land in that particular zone. If there is a general hardship, this situation may be remedied by revision of the general regulation, and not by granting a special privilege of a variation to single owners. If the time has come, as to which, of course, we can express no intimation, that there should be modifications or changes of essential particulars of the scheme of the zoning law, as, for example, a change in the boundary lines of a district, the power to do this is reserved in narrow limits to the board of zoning adjustment under § 20 of said c. 488. *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177, 185. *Arverne Bay Construction Co.* v. *Thatcher*, 278 N. Y. 222, 233.

The apparent plight of the corporation, in so far as the ownership of the premises in question is concerned, is predicated by the board, in part, upon the finding that the cor-

poration purchased the premises "in good faith" in order to take care of its parking problem, thinking that it could go through "the proper channels in order to get relief to permit" parking of its patrons' automobiles. This is very different from findings that the corporation in good faith believed, at the time of the purchase, that the premises were in any other than a general residence district, or that there was any substantial reason why it, in common with all others, should not be charged with knowledge of what the public records and maps on file showed with respect to the zone in which the land lay. See *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 457. It is true that the board found that the premises in question abut a local business (L–80) district, but there is no finding that there is anything new about this. For all that appears, this particular district boundary line has long been established. There is no finding that there are any nonconforming premises anywhere in the district in which the premises are located. See *Hammond* v. *Board of Appeal of Springfield*, 257 Mass. 446, 448. In any scheme of zoning it would seem that the establishment of boundary lines may impose some hardship upon premises on that side of the line where the conditions as to use are more onerous, but if this results in a general burden upon premises so situated, the question whether there shall be a change in the boundary lines is not for the board of appeal to determine.

Further examination of the findings of the board discloses that the real difficulty, if any, arising is that of the corporation, not so much because it is the owner of the premises in question, as it is that there is a serious parking problem "incidental to the effective conduct" of the hotel. The board had in mind this "problem," as well, it is true, as the hardship involved for the corporation in its being unable to advantageously develop, or in any way make productive, the premises for the purpose for which they are zoned. The use of premises for a hotel is permitted under the provisions of § 4 of said c. 488, as hereinbefore set out, but there is no exemption for hotels from the provisions relating to the parking of automobiles, except by the provisions of St. 1933,

c. 204, § 1 (a), hereinbefore set out. The predicament of the corporation appears to be an incident of the location of its hotel, something quite apart and distinct from its predicament as the owner of the premises in question that were purchased by the corporation "in order to take care of its parking problem," thinking it could go through the proper channels in order to get relief. In our opinion the "practical difficulty or unnecessary hardship" must relate to the premises for the benefit of which a variance is sought.

There is no occasion to repeat what has been said as to the meaning of the words "practical difficulty" or "unnecessary hardship." See *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177, 185; *Prusik* v. *Board of Appeal of Boston*, 262 Mass. 451, 457; *Coleman* v. *Board of Appeal of Boston*, 281 Mass. 112, 116–117; *Phillips* v. *Board of Appeals of Springfield*, 286 Mass. 469, 471–472; *Leahy* v. *Inspector of Buildings of New Bedford*, 308 Mass. 128, 132–133. No one factor determines the question of what is practical difficulty or unnecessary hardship, but all relevant factors, when taken together, must indicate that the plight of the premises in question is unique in that they cannot be put reasonably to a conforming use because of the limitations imposed upon them by reason of their classification in a specified zone. When this appears, the further question has to be determined, whether desirable relief may be granted without substantially derogating from the intent and purpose of the zoning law, but not otherwise.

We are of opinion that, upon this record, the board of appeal exceeded its authority in granting the variance for the reason that it does not appear that the enforcement of the zoning law involves practical difficulty or unnecessary hardship upon the corporation as owner of the premises for which a variance is sought. Accordingly, it is unnecessary to determine any other questions. See *Phillips* v. *Board of Appeals of Springfield*, 286 Mass. 469, 471.

In the consideration of this case it has been unnecessary to take into account so much of the return as relates to the return made at the petitioner's request of proceedings upon

a prior petition by the corporation for an allegedly similar variance that was denied by the board of appeal, and no account of the proceedings therein set out has been taken. No opinion is expressed as to the propriety of including in the return the record of these prior proceedings.

The petition as to The Sheraton, Inc. was rightly dismissed. There is no occasion for the writ of certiorari to issue to bring before the court a record of the board, inasmuch as it has been certified and included in the return. The exceptions are sustained and the case is remanded to the Superior Court where a writ is to issue to quash the proceedings. G. L. (Ter. Ed.) c. 249, § 4.

*So ordered.*