PLANNING BOARD OF SPRINGFIELD *vs.* BOARD OF APPEALS OF SPRINGFIELD & another.

Hampden.    October 28, 1958. — December 3, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Zoning. Equity Pleading and Practice,* Zoning appeal, Parties. *Municipal Corporations,* Officers and agents. *Public Officer.*

The planning board of a municipality is authorized by G. L. c. 40A, § 21, to appeal to the Superior Court from a decision of the zoning board of appeals.    [163]

An appeal to the Superior Court from a decision of the board of appeals of a city granting a zoning variance allowing business use of premises in a residence district, seasonably filed by the city solicitor under G. L. c. 40A, § 21, and purportedly in behalf of all the members of the planning board of the city, was properly before the court notwithstanding the fact that no formal vote authorizing the appeal was adopted by the planning board before it was filed where it appeared that prior to the application for the variance the planning board "acting as a board" had reported adversely on a proposal to change the premises to a business district, that for many years the planning board as a matter of routine had authorized its engineer to confer with the city's law department respecting zoning decisions by the board of appeals and he had done so in this instance, that the city solicitor by ordinance was required to "appear and protect the . . . interests of the city in all . . . proceedings . . . by or against any board," and that the appeal had not been disavowed by the planning board.    [163–165]

338 Mass. 160                                          161

Planning Board of Springfield *v.* Board of Appeals of Springfield.

In a suit in equity in the Superior Court by way of appeal under G. L. c. 40A, § 21, from a decision of a zoning board of appeals granting a variance authorizing use of premises in a residence district as a hardware store, which was sought for the purpose of relocating a hardware business previously conducted by the applicant on other premises near by, a decree annulling the decision as in excess of the board's authority under § 15, as amended through St. 1955, c. 325, § 2, was proper where the judge made a finding, not plainly wrong on reported evidence heard by him de novo, that any hardship the applicant experienced in operating the hardware store on the other premises was not a hardship "especially affecting" the premises for which the variance was sought and made no finding of any such hardship with respect to the latter premises. [165–166]

BILL IN EQUITY, filed in the Superior Court on October 2, 1956.

The suit was heard by *Macaulay*, J.

The case was submitted on briefs.

*Lionel G. Angers*, for the board of appeals of Springfield.

*Matthew J. Ryan*, City Solicitor, & *S. Thomas Martinelli*, Assistant City Solicitor, for the planning board of Springfield.

CUTTER, J. This is an appeal by the members of the board of appeals of Springfield (hereinafter referred to as the board of appeals) from a decree annulling a decision of that board "granting a variation from the application of the zoning ordinance of . . . Springfield on property . . . located at 843 Carew Street." The evidence designated by the parties is reported. The facts are stated below on the basis of the trial judge's findings.

One Sullivan in September, 1955, owned the premises at 843 Carew Street which consisted of two adjacent parcels of vacant land, each fifty feet wide and one hundred feet deep. These parcels were in a Residence B district under the Springfield zoning ordinance. On December 28, 1955, Sullivan applied to the board of appeals for a variance from the requirements of the zoning ordinance, § 4 (a) of which provided that "no . . . structure . . . shall be erected [in such a district] which is intended or designed to be used . . . for any . . . trade . . . or commercial purpose." Sulli-

van wished to erect a one story building to be used as a hardware store or center. An earlier effort had been made unsuccessfully, by petition, early in 1955, to have the premises changed to a business zone. The members of the planning board "acting as a board" reported adversely on this petition which was then refused.

On September 19, 1956, the board of appeals, after due notice and hearing, granted the variance prayed, subject to a restriction that Sullivan erect a cedar type picket fence, six feet high, on three of the boundaries of the two parcels. An appeal to the Superior Court was filed by the city solicitor in behalf of the members of the planning board on October 2, 1956. The members of the board of appeals filed a plea to the jurisdiction alleging in part that the members of the planning board "have not acted in their capacity, and by virtue of the authority conferred by law upon them, as the planning board . . . and that the . . . planning board has not voted to bring this appeal, nor authorized by vote the bringing of this appeal . . . in its behalf."

The trial judge heard the case de novo and made careful findings of fact (discussed more fully below) independent of those of the board of appeals (see *Reynolds* v. *Board of Appeal of Springfield*, 335 Mass. 464, 468–469) and ruled (1) that the board of appeals exceeded its statutory authority in granting the request for a variance; and (2) that the appeal was properly before the Superior Court.

1. The facts found by the judge, which are relevant to the plea of the board of appeals, are as follows. The planning board is composed of the mayor, two other ex officio members, and six appointed members. This board was created by ordinance, the full text of which, since not in the record, is not before us (see *Brown* v. *Neelon*, 335 Mass. 357, 359–360; cf. *Blanchard's Case*, 335 Mass. 175, 179). The planning board was "to have all the powers and duties granted by" G. L. c. 41, §§ 81A–81J, as amended, and was "authorized to employ experts and clerical and other assistants." It "has many duties and performs many services . . . in the administrative work relating to zoning."

One Saunders had been employed as the planning board's engineer for many years. Ten years before the hearing in the present case, the planning board had authorized him, whenever he learned that the board of appeals had made a decision affecting zoning, to confer with the city's law department. He followed this procedure in the present case and the city solicitor filed the appeal to the Superior Court "in behalf of all the members of the planning board, reciting . . . that they composed the . . . board." An ordinance provided that the law department should have charge of all law business of the city and its departments and that the city solicitor "shall appear and protect the . . . interests of the city in all . . . proceedings . . . by or against any board or department." The judge concluded that the city solicitor had authority to act for the planning board and gave weight to the presumption that public officers act legally in the performance of their duties, a presumption which had "not been rebutted." See e.g. *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 493; *School Comm. of Gloucester* v. *Gloucester,* 324 Mass. 209, 220; *Kidder* v. *City Council of Brockton,* 329 Mass. 288, 289.

The planning board is clearly within the group which may appeal under G. L. c. 40A, § 21 (inserted by St. 1954, c. 368, § 2), from a decision of the board of appeals. Section 21 gives the right of appeal to the Superior Court to "any municipal officer or board." The planning board is vitally concerned with zoning, so the appeal is not subject to objection of the type considered in *Carr* v. *Board of Appeals of Medford,* 334 Mass. 77, 79–80. See under earlier statute *Planning Bd. of Reading* v. *Board of Appeals of Reading,* 333 Mass. 657, 662.

The argument that the appeal to the Superior Court was not properly taken by the planning board rests on the fact that no formal vote authorizing the appeal was adopted by the planning board at a meeting prior to filing the appeal. Decisions of public boards, such as those involving eminent domain takings (*Alphen* v. *Shadman,* 330 Mass. 608, 609) and appointments to office (*Kenney* v. *McDonough,* 315

Mass. 689, 693–694), should be made by formal action by vote at a duly constituted meeting within the rule that "a board of public officers should act jointly and that all should have an opportunity to participate in their action." *New England Box Co.* v. *C & R Constr. Co.* 313 Mass. 696, 701–702. However, the day to day work of many public boards obviously must be carried out under authority delegated to subordinates, acting consistently with express votes of the board or in accordance with well established practices and policies approved or acquiesced in by the board. Certainly in the case of many administrative acts, particularly those having no final effect, action under such delegated activity is usual and proper.

There is here, however, no occasion for a determination of the extent to which authority may be delegated by a board to its employees. The administrative action of the planning board engineer in conferring with the city solicitor about the present appeal and the action of the city solicitor in filing the appeal have not been shown upon this record to be outside the areas of routine responsibility reasonably committed to these officials. The conduct of the planning board in years past in directing the engineer to take such matters up with the law department, the specific recommendation of the planning board in reporting adversely early in 1955 on the then proposed zoning change affecting this very location, and the necessity of proceeding promptly to preserve the planning board's right of appeal under § 21, indicate sufficient authority in the engineer and the city solicitor to warrant filing this appeal and proper occasion for doing so. If the planning board had wished to disaffirm this action later, it could have easily done so, for filing the appeal had no final effect. It merely preserved the opportunity to test before a court in the public interest the decision (here held invalid and annulled) of the board of appeals. In the absence of evidence that the action of the city solicitor was disavowed, upon this record, the trial judge was justified in relying upon the prima facie effect of the appearance of the city solicitor, purporting to exercise his powers under the

ordinance establishing his office. See *Medford* v. *Corbett*, 302 Mass. 573, 575. See also *Vigeant* v. *Jeanne D'Arc Credit Union*, 271 Mass. 479, 480–481. Cf. *Jones* v. *Harrar*, 326 Mass. 488, 491. The trial judge did not err in failing to sustain the plea filed by the board of appeals.

2. The trial judge found, after a painstaking study of the neighborhood, (a) that the premises in question are in a residential area "between two neighborhood business centers" and are not in or abutting on "any 'fringe' line between two different zone areas," (b) that there were some stores and commercial areas "in the vicinity," and (c) that there had "not been much change in the . . . structures in the area . . . for the last thirty years."

With respect to the issue of hardship presented under G. L. c. 40A, § 15 (as amended through St. 1955, c. 325, § 2 [1]), the judge found that Sullivan for five years had operated a hardware store at 897 Carew Street, about five hundred and fifty feet easterly of the premises here involved. Because of expanding business and because his present landlord will not give him a new lease, Sullivan bought the latter premises to obtain a location near his present store so as to reap the benefits of the good will he there has acquired.

There was some slight evidence that a previous owner had offered the premises here involved for sale for a number of years under conditions not stated in detail. The judge, nevertheless, concluded that the hardship to Sullivan, in not being able to use the premises for a hardware store as he intended, was not a hardship growing out of conditions especially affecting the parcel of land but not affecting generally the zoning district. The judge expressly found that whatever "hardship . . . Sullivan is experiencing in the operation of his business at his present location on a month to month basis . . . is not hardship 'especially affecting' the two lots concerned in this case." This finding was justified by the evidence, was certainly not plainly wrong, and is conclusive of the case for, without a finding of hardship

---

[1] Later amended by St. 1957, c. 123, and by St. 1958, c. 381.

peculiarly affecting the two lots, a variance could not be authorized. *Blackman* v. *Board of Appeals of Barnstable,* 334 Mass. 446, 450. *Vainas* v. *Board of Appeals of Lynn,* 337 Mass. 591, 594. See *Brackett* v. *Board of Appeal of Boston,* 311 Mass. 52, 59–60; *Hurley* v. *Kolligian,* 333 Mass. 170, 172–174. The *Brackett* and *Hurley* cases arose under statutes different from what is now G. L. c. 40A, § 15. Section 15, however, is consistent with the policy of the earlier statutes by permitting "with respect to a particular parcel . . . a variance from the terms of the . . . zoning ordinance . . . where, owing to conditions especially affecting such parcel . . . but not affecting generally the zoning district . . . a literal enforcement of the provisions of the ordinance . . . would involve substantial hardship." Cf. *Rodenstein* v. *Board of Appeal of Boston,* 337 Mass. 333, 336–337. The decision of the board of appeals was properly annulled.

The judge also found "that . . . permitting a hardware store . . . in what is practically the center of the Residence B district . . . would affect generally to some degree the score or more dwelling . . . properties on the street surrounding the location," and therefore would naturally affect "to an extent the very advantages that accrue . . . by virtue of the zoning ordinance." Although this finding also appears to be justified by the evidence, we need not consider it in detail in view of our decision on the issue of hardship.

*Decree affirmed.*