# Richmond

C. & C. Incorporated v. Susan Lyne Semple, Et Al.

October 10, 1966.

Record No. 6251.

Present, All the Justices.

*Harvey S. Lutins* (*Honeyman & Lutins*, on brief), for the appellant.

*Charles Talbott Young; Evans B. Jessee; Willis M. Anderson* for the appellees.

SNEAD, J., delivered the opinion of the court.

C. & C., Incorporated, hereinafter referred to as C. & C., appealed from an order entered February 18, 1965, wherein the decision of the Board of Zoning Appeals of the City of Roanoke granting C. & C. "a non-conforming permit" (actually a variance and it will be hereinafter referred to as such[1]) to use certain property owned by it as a parking lot for its customers and employees was reversed.

Initially, C. & C. had requested the Roanoke City Council to re-zone the property, which is located at the northwest corner of Highland avenue and First street, S.E. (Lot No. 9, Block No. 5, Official Survey Sheet No. 3 S.E.), from special residence district to business district. The City Planning Commission, to whom the matter was referred, recommended to Council that the request be denied. After a public hearing by the Council, C. & C. withdrew its application. Subsequently, C. & C. sought a permit from the Building Commissioner to use the lot for off-street parking. He denied the request on the ground that such use was not permitted in a special residence district.

C. & C. then appealed to the Board of Zoning Appeals for a variance. The application contained, among other things, the statements that C. & C. desired to use the lot for off-street parking in connection with its real estate business (located on another lot not contiguous to the lot in question); that it did not have any off-street parking; that the lot would provide about forty spaces for cars, would be blacktopped, marked and restricted.

Before conducting a public hearing on the application, a majority of the Board inspected the property. At the hearing the evidence consisted of statements made by counsel for C. & C. and by counsel for neighboring property owners who objected to the granting of a variance, letters, a plat of the property, and a petition in opposition signed by property owners in the vicinity.

A majority of the Board concluded, among other things, that the granting of a variance as requested by C. & C. would "not be detrimental to the neighborhood which is in a definite state of transi-

---

(1) "A non-conforming use is a lawful use existing on the effective date of the zoning restriction and continuing since that time in non-conformance to the ordinance." 2 Yokley, *Zoning Law and Practice*, § 16-2 (3d ed.) at p. 212. A variance permits the use of property in a manner forbidden by the zoning law in order to alleviate conditions peculiar to the particular property. 101 C.J.S., Zoning, § 273, pp. 1037, 1039.

tion" and would "not obstruct plans for future development" of the area. The Board further concluded that there was "a serious need for parking in the area"; that C. & C. was a "progressive and expanding Virginia corporation in dire need of parking facilities, and * * * to deny the privilege of using property owned by the applicant for its own parking would result in an unnecessary hardship for the Corporation." On September 9, 1964, the Board entered its order granting C. & C. the permit requested.

Upon petition of Susan Lyne Semple and ten other property owners in the vicinity of the lot involved, a writ of *certiorari* directed to the Board of Zoning Appeals was granted by the Hustings Court of the City of Roanoke. Roanoke City Code, Title 15, Chapter 4, Section 42(b); Virginia Code, § 15.1-497. A hearing was had on December 22, 1964, and evidence was taken *ore tenus* on behalf of the objecting property owners and C. & C.

After consideration of the record of proceedings before the Board of Zoning Appeals, the pleadings and the evidence taken *ore tenus*, the court ruled, among other things, that the Board "applied erroneous principle (sic) of law and exceeded its authority in its findings and has permitted a use prohibited in the district without showing that a literal enforcement of the zoning ordinance will result in unnecessary hardship". Thus, the order of the Board of Zoning Appeals granting C. & C. a variance to use the lot in question for off-street parking was reversed and set aside. It is from this order that C. & C. has appealed.

C. & C. assigns two errors to the judgment of the court below. In its first assignment it asserts that the court erred "in admitting testimony upon review of the record on *certiorari*." We find this contention to be without substance.

As heretofore stated this matter was brought before the trial court upon a writ of *certiorari*. However, Virginia Code, § 15.1-497 and Roanoke City Code, Title 15, Chapter 4, Section 42(d) relating thereto specifically provide that upon review of the Board's decision the court may take evidence when it shall appear to the court that testimony is necessary for the proper disposition of the matter. The above sections read:

"*If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence* or appoint a commissioner to take such evidence as it may direct and report the same to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings

upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review." (Emphasis added.)

In its second and final assignment of error C. & C., in effect, contends that the court erred in holding that the Board applied erroneous principles of law and exceeded its authority in granting the variance sought.

It is conceded that the property in question is zoned "Special Residence District" and that it cannot be used legally as an off-street parking lot unless a variance from the zoning regulation is granted. It is also admitted that the lot is "topographically suited for a residence or any other use permitted in a Special Residence District".

In *Board of Zoning Appeals* v. *Combs*, 200 Va. 471, 477, 106 S. E. 2d 755, 759, we held that "[t]he court may not disturb the board's decision unless it has applied erroneous principles of law or where the board's discretion is involved unless the evidence before the court proves to its satisfaction that the board's decision is plainly wrong and violative of the purpose and intent of the zoning ordinance." See also *Burkhardt* v. *Board of Zoning Appeals*, 192 Va. 606, 613, 66 S.E. 2d 565, 569; *Hopkins* v. *O'Meara*, 197 Va. 202, 205, 89 S.E. 2d 1, 3, and *Board of Zoning Appeals of Alexandria* v. *Fowler*, 201 Va. 942, 948, 114 S.E. 2d 753, 758; 2 Yokley, *Zoning Law and Practice*, § 15-7 (3d ed.) at p. 148, and 8A McQuillin, *Municipal Corporations*, § 25.309 (3rd ed).

On appeal there is a presumption that the Board of Zoning Appeals acted correctly and the burden is on the appellant to show to the satisfaction of the court either that the permit granted by the Board was contrary to law or that the Board's decision was plainly wrong under the evidence. See *Board of Zoning Appeals* v. *Combs, supra*, 200 Va. at p. 476, 106 S.E. 2d at p. 759; *Wicker Apartments, Inc.* v. *City of Richmond*, 199 Va. 263, 269, 99 S.E. 2d 656, 660; *Hopkins* v. *O'Meara, supra*, 197 Va. at p. 205, 89 S.E. 2d at p. 3.

The power of the Board of Zoning Appeals to grant variances is stated in Section 62(13) of the Charter of the City of Roanoke, and by an ordinance setting forth its jurisdiction in Title 15, Chapter 4, Section 41 of Roanoke City Code. Paragraph (a)3 of Section 41 provides:

"To authorize upon appeal in special cases such variance from the terms of the chapter as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions of this chapter will result in unnecessary hardship, and so

that the spirit of this chapter shall be observed and substantial justice done."

The record shows that C. & C. purchased Lot 9, Block 5, located at the northwest corner of Highland avenue and First street, S.E., upon which a variance is sought, in April 1962. At the time of the purchase the lot had a residence on it, but it was razed by C. & C. Later in 1962, C. & C. purchased the property on the northeast corner of Jefferson street and Highland avenue, S.E., to conduct its real estate business. The two lots are not contiguous. They are separated by another lot and an alley.

"A zoning ordinance in granting authority to vary the application of its provisions to particular pieces of property, where there are * * * unnecessary hardships in the way of their strict enforcement, contemplates hardships * * * peculiar to the property in question, and not to those affecting other property of the applicant, or a wide area of the district." 58 Am. Jur., Zoning, § 204, p. 1051. See also 8 McQuillin, *Municipal Corporations*, § 25.167, p. 544; *Magrann* v. *Zoning Board of Adjustment*, 404 Pa. 198, 170 A. 2d 553; *Planning Board of Springfield* v. *Board of Appeals of Springfield*, 338 Mass. 160, 154 N.E. 2d 349; and *Hurley* v. *Kolligian*, 333 Mass. 170, 129 N.E. 2d 920.

In *Brackett* v. *Board of Appeal*, 311 Mass. 52, 39 N.E. 2d 956, which is quite similar to the case at bar, a Boston hotel was granted a variance to use for parking its vacant lot in a general residence district. The court in reversing the action of the Board of Appeal of the City Building Department which granted the variance held that under a statute that required the finding of "practical difficulty or unnecessary hardship" a variance was not warranted where there was no finding that there were conditions rendering that particular lot unsuitable for residential or other uses permissible under city zoning law, and that the practical difficulty or unnecessary hardship must relate to the property in question, not to other properties held by the applicant.

C. & C. relies heavily on *Azalea Corp.* v. *City of Richmond*, 201 Va. 636, 112 S.E. 2d 862. However, the facts in that case are vastly different from the facts in the case at bar and it is therefore not controlling.

In the case at bar there has been no showing of any unnecessary hardship relating to the lot in question. On the contrary, the record discloses that the lot is level and adequately suitable for the construction of improvements permitted under the special residence zoning

classification. The Board of Zoning Appeals held that to deny the variance "would result in an unnecessary hardship for the Corporation." Further, the chairman of the Board of Zoning Appeals testified that C. & C. "simply needed the parking for the business", and that it was the only hardship that existed. The hardship related solely to C. & C.'s property upon which it conducted its real estate business and not to the lot upon which the variance was sought. Moreover, the hardship, if any, was self-created as C. & C. purchased the lot in question before the purchase of the business property with inadequate parking facilities.

Our conclusion is that the trial court correctly held that the Board of Zoning Appeals applied erroneous principles of law and exceeded its authority in granting the variance requested.

Accordingly, the judgment appealed from is

*Affirmed.*