HYMAN et al. v. COE et al.
Civ. A. 2075–49.

United States District Court
D. of Columbia.
Jan. 25, 1952.

Milton Strasburger, James C. Wilkes, and George A. Glasgow, all of Washington, D. C., for plaintiff.

Vernon E. West, Corp. Counsel, D. C., Oliver Gasch, John F. Doyle, Assts. Corp. Counsel, Washington, D. C., for defendant.

MORRIS, Judge.

This is a proceeding in which a mandatory injunction is sought, requiring the Board of Zoning Adjustment to vacate its order denying appeal, and requiring said board to grant permission to plaintiffs to use their property, known as Number 1016 Sixteenth Street, N. W., Washington, D. C., for office building purposes, for a mandatory injunction requiring the Inspector of Buildings for the District of Columbia to issue to plaintiffs an occupancy permit for said premises to enable them to use their said building for office purposes, and for certain other relief.

Prior to April 22, 1947, the applicable zoning regulations prohibited the use of property on Sixteenth Street, between H

and M Streets, N. W., from any business purposes, it being zoned as a residential area, permitting only dwellings, apartment houses, hotels, embassies, churches, private clubs, and certain other uses not including use as office buildings or banks. Recommendations were made to the Zoning Commission, seeking to have this part of Sixteenth Street rezoned to permit commercial uses. This was opposed by those who did not wish any change to be made, and out of this situation the Zoning Commission adopted a regulation, among other regulations then adopted, the pertinent parts of which are as follows:

"Powers Relative to Exceptions and Speical Questions.

"Upon appeals the Board of Zoning Adjustment is hereby empowered to grant requests for the following special exceptions, when, in the judgment of the Board, such exceptions shall be in harmony with the general purpose and intent of the zoning regulations and maps and will not tend to affect adversely the use of neighboring property in accordance with the zoning regulations and maps:

\* \* \* \* \* \*

"30. Permit in the Residential, 90 foot 'D' Area District on streets not less than 160 feet in width, office buildings and banks, provided: (a) No articles of commerce are sold on the premises, (b) there be no projection made beyond the front building line and no display or show windows used, (c) there be no neon or gas tube signs or displays used, and no permitted sign extending beyond the front wall of the building, and (d) the use will not affect adversely the present character and future development of the neighborhood, and will not result in dangerous or otherwise objectionable traffic conditions."

The plaintiffs have brought three appeals during 1947 and 1948 to the Board of Zoning Adjustment for special exception under Regulation 30, for authority to use their property for office building purposes. During the course of the appeal, concerning which this proceeding is brought, the plaintiffs sought the use of their building for limited or professional office purposes. All

of these appeals have been denied upon the ground stated as follows: "As the result of an inspection of the property by the Board, and from the records and the evidence adduced at the hearing, the Board is of the opinion that the use proposed will affect adversely the present character and future development of the neighborhood, and will result in dangerous or otherwise objectionable traffic conditions because of the lack of adequate automobile parking space for tenants of and visitors to the building."

 Since the adoption of the regulation with reference to office buildings and banks in this area, the Board of Zoning Adjustment, upon appeals by other parties, have approved the use for office building purposes of eight buildings in this area, all of which are listed in the complaint, and are shown by map introduced in this cause, which was before the Board of Zoning Adjustment at the hearing which resulted in the denial of the plaintiffs' appeal. It is insisted by the plaintiffs in these proceedings that the decision of the Board of Zoning Adjustment, denying permission to use their property for office building purposes, is arbitrary and constitutes an unwarranted discrimination against them. Certainly the findings of the Board that such use "will result in dangerous or otherwise objectionable traffic conditions because of the lack of adequate automobile parking space for tenants of and visitors to the building" finds no support whatever in the record of the hearing. While, to the contrary, the evidence as to available parking space adjacent to the building and the numerous public parking facilities in that vicinity seems to leave such findings without the slightest basis of evidence to support it. I do not agree with the contention of plaintiffs that, in all instances in which office building use was permitted, the buildings and the circumstances were substantially the same as the plaintiffs' building, but, except for the fact that the plaintiffs' building is now used for apartments and is in good condition as such, the record is wholly lacking as to why the use of such building for office building purposes would any more "affect adversely the present character and

future development of the neighborhood" than would the use for office building purposes of those where permission has been granted. Indeed it is the present use of the plaintiffs' building for apartment house purposes that is chiefly relied upon by the defendants in the present proceeding to justify the refusal of permission to the plaintiffs to use such property for office building purposes. It is insisted before this Court that Regulation 30, read in connection with the preamble, in effect precludes the Board of Zoning Adjustment from authorizing the change of use from a well equipped apartment house to an office building. To do so, it is urged, would not be in harmony with the general purpose and intent of the zoning regulations and maps, and the only relief available to the plaintiffs is a change of the zoning and maps of the area by the Zoning Commission. In this, I believe the Board of Zoning Adjustment has made a mistake of law. Reading the preamble together with Regulation 30, it seems clear that the limitations on using the property in the area here in question for office building purposes are that such use will not render less desirable for residential purposes other property in the neighborhood used as such. It is reasonable to assume that the Zoning Commission has, by the regulation here in question, made legislative determination that the change from the use of a building as an apartment house to one for office building purposes, or banks, *does not in and of itself, and without more,* constitute a use not in harmony with the general purpose and intent of the zoning regulations and maps, nor affect adversely the present character and future development of the neighborhood.

■■ It is urged by the Board of Zoning Adjustment in these proceedings that the granting of a special exception is a matter of grace, or favor, and not one of right. There can be no question that there is discretion in the Board within the latitude fixed by the regulations, and that a court should not usurp the function of the Board in exercising that discretion, but, however it may be phrased, every one upon whom any organ of government acts has a right to have that agency make its decision upon evidence, which is open to question and correction, and the exercise of discretion and the consequent judgment of the agency must be controlled by the same principles that control such agency's action in its dealings with others. If there be facts within the expert knowledge of the members of the Board, or acquired by personal inspection of the premises, these should be revealed at the hearing so that opportunity may be afforded to meet them by evidence or argument. There is no room for arbitrary action or unjust discrimination in our form of government by any of its agencies.

■ The very great importance that zoning laws and regulations have had, and will undoubtedly continue to have, in the development and growth of this great city, as well as other cities throughout the nation, must be recognized and their effectiveness protected. The very existence, however, of these laws and regulations recognize the absolute necessity to avoid working grave hardship in some instances, which would draw into question the validity of the laws themselves, by allowing variances within an established zone. Such variances arise out of the need to alleviate grave and unwarranted hardship, and the granting of relief by permitting a nonconforming use in such instances does not, of course, establish a right in others to demand a variance also. But the special exception here involved is not that kind of a variance, and there is no need here to show a hardship in order to warrant the use authorized by the regulation, as seemed to be the premise of the argument before this Court in this case.

■ While the conclusion of this Court is that the order of the Board of Zoning Adjustment here involved is invalid in that it is not supported by any substantial evidence, and the discretion exercised by the Board in so far as disclosed by the record was arbitrary and capricious, and said order was made under a mistaken construction of the law and regulation and, therefore, said order must be vacated and set aside, the Court will not usurp the function of the Board, but will, by an appropriate

decree, direct that the Board open the hearing in which the vacated order was entered, proceed to take such evidence as may be properly offered, and thereupon make findings supported by such evidence in accordance with the proper exercise of discretion and applicable law. The Court assumes that the Board will follow the construction of the applicable law determined in these proceedings, unless modified on appeal by an appropriate court of review. In this posture of the case, the mandatory injunction directed to the Building Inspector is denied.