George **HYMAN** et al., Plaintiffs,

v.

Theodore I. **COE** et al., Defendants.
Civ. A. No. 2075–49.

United States District Court
District of Columbia.

Oct. 29, 1956.

James C. Wilkes, Norman M. Glasgow, Washington, D. C., for plaintiffs.

Vernon E. West, Corp. Counsel for the District of Columbia, Milton D. Korman, J. Hampton Baumgartner, Jr., Asst. Corp. Counsel for the District of Columbia, Washington, D. C., for defendants.

CURRAN, District Judge.

Plaintiffs are owners of an apartment building located on the west side of Sixteenth Street, N.W., between K and L Streets, directly opposite the main entrance to the Statler Hotel, in an area zoned Residential 90′ "D." The premises are known as 1016 Sixteenth Street, N. W. They desire to convert the apartment building to an office building. Since the property is located in the aforementioned area this conversion cannot be accomplished unless the defendants, members of the Board of Zoning Adjustment, grant an exception for this purpose.

Three appeals for such exception, which the plaintiffs had filed with the Board, were denied in 1947, 1948 and 1949. On May 11, 1949 plaintiffs originated this action in this Court, seeking

a mandatory injunction. This matter was heard by Judge Morris who, on January 25, 1952, filed a memorandum opinion, D.C., 102 F.Supp. 254. On May 2, 1952 Judge Morris signed an order in which he determined: "the order of the Board of Zoning Adjustment complained of is invalid * * * and the same is hereby vacated and set aside and the said Board of Zoning Adjustment is hereby directed to reopen said proceedings * * *"

Thereafter the defendants appealed to the United States Court of Appeals for the District of Columbia Circuit and the plaintiffs filed a cross appeal. On April 8, 1954 the Court of Appeals handed down the following order:

"Whereas it appears from a memorandum filed April 6, 1954, in these appeals by George Hyman, et al., appellees in No. 11,476 and appellants in No. 11,477, that the Board of Zoning Adjustment, on April 2, 1954, announced its decision in four appeals, each involving the use or erection of an office building on 16th Street, Northwest, between H and M Streets, one to convert to office use an existing building at 1010 16th Street, one to erect a new office building at 821 16th Street, one to add a rear addition to an existing office building at 1108 16th Street, and one to erect a new office building at 1126 16th Street; and

"Whereas the granting of these four exceptions to the existing zoning regulations and maps, together with the exceptions theretofore granted by the Board, may have changed the present character of the neighborhood and its future development so that the use of the property here involved as an office building may no longer adversely affect such character and development;

"It is Ordered that these cases be remanded to the District Court with instructions to enter an order vacating the order of the Board of Zoning Adjustment heretofore entered and complained of and directing the Board to reopen the proceedings and reconsider the application in the light of the exceptions to the zoning regulations and maps already granted by it; and

"For these purposes of remand the judgment of the District Court is hereby vacated."

Pursuant to the order of the District Court, the Board of Zoning Adjustment, on April 21, 1954, and again on January 19, 1955, heard further testimony in the matter of this appeal, and on April 19, 1955 issued its order again denying plaintiffs' application for a special exception.

On January 23, 1956 plaintiffs filed in this Court a supplemental complaint for injunctive relief. On June 22, 1956 defendants filed a motion for summary judgment and on August 22, 1956 plaintiffs filed their motion for summary judgment. It is these motions for summary judgment that are now before this Court. The pleadings, admissions and affidavits on file show there is no genuine issue of any material fact.

Plaintiffs' appeal, along with others, has been considered by the Board of Zoning Adjustment under the authority granted to it by the Zoning Act of 1938, as amended, D.C.Code 1951, § 5–413 et seq., to consider appeals brought under Section XXIII, Part 2, Paragraph 29 of the Zoning Regulations of the District of Columbia. This regulation is as follows:

"Part 2.—Powers Relative to Exceptions and Special Questions.

"Upon appeals the Board of Zoning Adjustment is hereby empowered to grant requests for the following special exceptions, when, in the judgment of the Board, such exceptions shall be in harmony with the general purpose and intent of the Zoning regulations and maps and will not tend to affect adversely the use of neighboring property in accordance with the zoning regulations and maps."
* * * * * *

"29. Permit in the Residential, 90 foot 'D' Area District on Streets

not less than 160 feet in width, office buildings and banks, provided: (a) No articles of commerce are sold on the premises, (b) there be no projection made beyond the front building line and no display or show windows used, (c) there be no neon or gas tube signs or displays used, and no permitted sign extending beyond the front wall of the building, and (d) the use will not affect adversely the present character and future development of the neighborhood, and will not result in dangerous or otherwise objectionable traffic conditions. (April 22, 1947)."

Pursuant to an Act of Congress zoning was first adopted in the District of Columbia in 1920, D.C.Code 1929, Tit. 25, § 521 et s^q. That Act provided for the establishment of a Zoning Commission empowered to adopt zoning maps and promulgate zoning regulations. The Commission was authorized to fix the zoning boundaries and to specify and limit the specific uses that could locate within the fixed zoning boundaries. The Commission could change the zoning boundaries as well as the uses located within the fixed boundaries, but there was little flexibility under the system to deal with the individual problems of the property owners. Spot zoning proved undesirable. So that more flexibility could be had under the zoning regulations and maps, and in order to establish machinery to deal with specific properties, Congress passed a new Zoning Act in 1938. Under that Act the Zoning Commission retained the power already vested in it to establish zoning boundaries and zoning regulations. A Board of Zoning Adjustment was established which the Commission could empower to make special exceptions to the provisions of the zoning regulations "subject to appropriate principles, standards, rules, conditions, and safeguards set forth in the regulations" and to hear and decide requests for special exceptions in accordance with the provisions of the zoning regulations, D.C.Code, § 5–420. A special exception is part of the zoning plan and the instant case involves a special exception.

The decisions of a zoning adjustment board are discretionary and should not be reversed by the Courts unless clearly arbitrary and unreasonable. Leventhal v. District of Columbia, 69 App. D.C. 229, 100 F.2d 94; Lewis v. District of Columbia, 89 U.S.App.D.C. 72, 190 F. 2d 25; Selden v. Capitol Hill Southeast Citizens Association, 95 U.S.App.D.C. 62, 219 F.2d 33.

But where such a Board's decision, upon review, is clearly unreasonable and arbitrary it will be set aside. Robinson v. Town Council of Narragansett, 60 R.I. 422, 199 A. 308, 314. The Court is not bound by an arbitrary or capricious action of the Board or where there has been a manifest abuse of discretion. Berard v. Board of Adjustment of City of St. Louis, Mo.App., 138 S.W.2d 731, 734.

"A zoning board of appeals acts in a quasi judicial capacity. It is an appellate tribunal, and its decisions are reached only after the presentation of evidence deemed to warrant such action." Burr v. Rago, 120 Conn. 287, 180 A. 444, 446; Coleman v. Board of Appeals, 281 Mass. 112, 183 N.E. 166. Such a board is "required to act judicially on facts lawfully ascertained." Robinson v. Town Council of Narragansett, supra [60 R.I. 422, 199 A. 314].

It is not the intent of Section XXIII, Part 2 of the Zoning Regulations that an appeal for an exception must be granted if certain requirements are met. An "exception" in a zoning ordinance is one allowable where facts and conditions detailed in the ordinance, as those upon which an exception may be permitted, are found to exist. Application of Devereux Foundation, Inc., 351 Pa. 478, 41 A.2d 744, appeal dismissed Devereux Foundation v. Lea, 326 U.S. 686, 66 S.Ct. 89, 90 L.Ed. 403. The Board is to decide whether or not the exception sought meets the requirements of the regulation, but this decision must result from an exercise of sound discretion, that is, legal discretion, and must not be arbitrary, capricious or unreasonable. Robinson v. Town Council of Narragansett, and Berard v. Board of Adjustment of City of St. Louis, supra.

As Judge Morris so aptly said in his opinion of January 25, 1952:

"* * * every one upon whom any organ of government acts has a right to have that agency make its decision upon evidence, which is open to question and correction, and the exercise of discretion and the consequent judgment of the agency must be controlled by the same principles that control such agency's action in its dealings with others." Hyman v. Coe, 102 F.Supp. 254, at page 257.

Reading the Preamble of Part 2 of Section XXIII, together with Paragraph 29, it is clear that the limitations on the use of the property in the neighborhood for office building purposes are that such use will not render less desirable other property in the neighborhood used for residential purposes.

Paragraph 29 was adopted by the Zoning Commission on April 22, 1947. (When originally adopted it was paragraph 30. It has since been re-numbered). Pursuant to its provisions the owners of certain parcels of land on Sixteenth Street between H and M Streets, N.W., applied for and were granted permission by the Board of Zoning Adjustment to use their property for office building purposes.

On May 21, 1947 the application of Henry C. Reiner and Irving Moskowitz for permission to establish an eight story office building at 1107 Sixteenth Street, N.W., was granted.

On May 21, 1947 Motion Picture Association of America, Inc. was granted permission to build an addition to the building at 1600 I Street, N.W. and use the enlarged structure for its offices.

On June 25, 1947 the application of Teck Construction Company for permission to use property at 1020 Sixteenth Street, N.W., as an office building was granted. This property adjoins plaintiffs' property.

On July 21, 1948 Joseph C. Tucci was granted permission to erect an office building and bank on the southwest corner of Sixteenth and K Streets, N.W.

On September 24, 1947 the application of Earl W. Shinn for permission to erect an office building at 1151 Sixteenth Street., N.W. was granted.

On October 21, 1947 the application of Doris C. Lowe for permission to establish an office building at 1102 Sixteenth Street, N.W. was granted.

On October 21, 1947 Washington and Lee University, et al. for the use and benefit of the Church of Christ, Scientist, was granted permission to use portions of 1601 I Street, N.W. for office building purposes.

On November 25, 1947 Ernest F. Sappington's application for permission to establish an office building at 1103 Sixteenth Street, N.W. was granted.

While the instant case was pending in the Court of Appeals, the Board granted the following exceptions on April 2, 1954: (1) the appeal of the American Federation of Labor and St. John's Church to erect a new office building at 821 Sixteenth Street, N.W.; (2) the appeal of Metropolitan Holdings, Inc. to add a rear addition to an existing office building at 1108 Sixteenth Street, N.W.; (3) the appeal of Katherine S. Shands, et al. for the National Automobile Dealers Association for permission to erect a new office building at 1126 Sixteenth Street, N.W. The Court of Appeals remanded the case to the Board for its reconsideration in the light of its approval of these appeals.

Subsequent to the Court of Appeals' remand, the Board granted the following exceptions: (1) the appeal of Katherine S. Shands, et al. on behalf of the International Union of Electrical Radio and Machine Workers to erect an office building at 1124-26 Sixteenth Street, N.W.; (2) two applications of the National Education Association to establish an office building at 1201-19 Sixteenth Street, N. W.; (3) the application of the National Rifle Association to establish an office building at 1226-30 Sixteenth Street, N. W.; (4) the appeal of the Bakery and Confectionery International Union to erect an office building at the northwest corner of Sixteenth and K Streets, N.W.

On page 5 of its opinion of April 19, 1955, denying plaintiffs' latest appeal, the majority of the Board says: "It seems clear that in adopting Paragraph 30 (now 29) the Zoning Commission determined that 'a limited type' of office buildings and banks on lower Sixteenth Street *might* be 'in harmony with the general purpose and intent of the zoning regulations and maps' * * *" The regulation makes no reference to "a limited type" of office use. The plain language of the regulation reads "office building". At the Zoning Commission's public hearing held January 15, 1947 the Zoning Advisory Council, created by the Zoning Act of 1938 to make recommendations to the Zoning Commission, submitted majority and minority reports. The majority report recommended that lower Sixteenth Street be changed from residential to first commercial 110' "D" area. The minority report recommended retention of the residential character of the area. The Commission rejected both recommendations, stating: "In taking this action, the Commission rejected both the majority and the minority reports of the Zoning Advisory Council, being of the opinion that *a limited type of commercial use* of property on Sixteenth Street, and perhaps others, might be justified if properly restricted as to signs, sale of commodities, and provided such restricted uses would not adversely affect the character of the particular neighborhood. (Emphasis added.) (Joint Appendix No. 11,476, United States Court of Appeals for the District of Columbia Circuit, p. 87). The Commission then proceeded to adopt the present paragraph 29 of Part 2, Section XXIII of the zoning regulations, with full knowledge that it would in effect create a limited type of commercial area on lower Sixteenth Street. In taking this action the Zoning Commission made a legislative determination that the change in lower Sixteenth Street to permit certain office buildings and banks was an appropriate use for that area.

In Paragraph 29 the limited type of commercial use was spelled out to be "office buildings and banks" where no articles of commerce were sold on the premises, where no projection was made beyond the front building line, and where no display or show windows were used, and where no neon or gas tube signs or displays were used, and where no permitted sign would extend beyond the front wall of the building. To this extent there were to be limitations on the commercial use of the property on lower Sixteenth Street.

As Judge Morris, in his opinion of January 25, 1952, stated:

"It is reasonable to assume that the Zoning Commission has, by the regulation here in question, made legislative determination that the change from the use of a building as an apartment house to one for office building purposes, or banks, *does not in and of itself, and without more*, constitute a use not in harmony with the general purpose and intent of the zoning regulations and maps, nor affect adversely the present character and future development of the neighborhood."

The contention of the majority of the Board that in adopting Paragraph 29 the Commission was giving the Board a "directive" to preserve the residential character of lower Sixteenth Street is utterly without merit and inconsistent with the power granted the Board to permit changes to a non-residential nature. Many changes have been allowed by the Board in the area and certainly the majority cannot now say that such changes have maintained the "residential character" of lower Sixteenth Street.

If, at the time Paragraph 29 was adopted, there was a "residential character" to be retained it certainly has vanished. Had the Zoning Commission contemplated the preservation of the "residential character" of lower Sixteenth Street, it needed no assistance from the Board of Zoning Adjustment. With the enactment of Paragraph 29 the Commission paved the way for an inevitable and orderly transition.

The very actions of the Board of Zoning Adjustment have made the neighborhood no longer adapted for residential

purposes, and so it is not unreasonable to assume that owners whose property is still used for such purposes would eventually desire to use it in conformity with the present character of the neighborhood.

What was the evidence adduced at the hearing on April 21, 1954 and January 19, 1955 which were held after the remand? A traffic expert testified that there were no dangerous or otherwise objectionable traffic conditions existing in the area; that Sixteenth Street between K and L Streets, N.W., on an average day carried 20,800 vehicles; that making no allowance for visitors to present tenants of the building there would only be an increase of vehicular traffic in the area of something less than 75 automobiles a day; that this would be infinitesimal compared with the general traffic volume and could not be said to affect the traffic on Sixteenth Street to any noticeable extent; that there were more than 4,000 off street parking spaces available to the general public within three and one-half blocks of 1016 Sixteenth Street, N. W., and that the Hyman property is ideally located so as not to cause any traffic problem, inasmuch as it is located in the center of the block. A real estate expert testified that the granting of plaintiffs' appeal to establish an office use at 1016 Sixteenth Street, N.W. would not affect the present character of the neighborhood; nor the future development of the neighborhood; nor property values of contiguous, adjacent or nearby properties; nor would it affect adversely property values in the District of Columbia as a whole; nor would it affect values of commercial properties in the central business district or downtown business area. He also testified that the use of premises 1016 Sixteenth Street, N.W. for general office building purposes, would be greatly more desirable from the point of view of its effect upon the neighborhood than would be other uses which may be made of the property in the residential "C" zone. A second expert testified that he had read the conclusions as stated by the first real estate expert and that he adopted the first real estate expert's conclusions as his own and that he concurred in them. A registered professional engineer presented two plats, the first showing the area within a radius of several blocks of 1016 Sixteenth Street, N.W., with notations thereon indicating the capacity, as of April 19, 1954, of parking garages and open air parking lots, and a second plat giving information as to the type of occupancy and the street numbers of the property in the area. He stated that in preparing his testimony before the Board of Zoning Adjustment on January 14, 1948, he found from personal observation and investigation that the parking facilities available as shown on the area embraced by the first plat were such that at no time was it impossible to secure a parking space on a lot or lots in close proximity to premises 1016 Sixteenth Street, N.W. He also stated that on the occasion of the preparation of the map for use before the Board of Zoning Adjustment on January 14, 1948, he found there were several properties which were still occupied as single family residences, but that on the inspection made on April 16, 1954 he found that there were no longer any single family residence uses made of properties located on Sixteenth Street between H and M Streets, N.W.

At the April 21, 1954 hearing the attorney for the plaintiffs stated that no articles of commerce would be sold upon the premises, that there would be no projections beyond the front building line, that no neon or gas tube signs or show windows would be used and that no sign would extend beyond the front wall of the building, and that the plaintiffs would have no objection to the Board requiring that these conditions be complied with as a prerequisite for granting plaintiffs' appeal.

No one appeared in opposition to the granting of plaintiffs' appeal, nor was any evidence offered to refute the testimony stated above. As a matter of fact there was no evidence offered at either of the last two hearings tending to show that the use of plaintiffs' property as an office building would any more adversely affect the present character and future

development of the neighborhood than did the uses permitted by the Board of other properties on lower Sixteenth Street; nor was there any evidence offered tending to show that the use of plaintiffs' property would render less desirable, for residential purposes, other property used as such in the neighborhood.

The purpose of Paragraph 29 of Section XXIII, Part 2, is, according to the Commission itself, to permit a limited type of commercial use for the *whole area* of 16th Street, N.W., between H and M Streets. The Board of Adjustment has already approved the conversion of some of the property in this area to such use. Is there any sound basis for denying similar approval to the property here in question?

In their points and authorities in support of their motion for summary judgment, pages 9 and 10, defendants attempt to justify denial of plaintiffs' request by distinguishing it from requests which were granted. " * * * In the Teck instance the exception was never exercised. The Reiner and Moskowitz office building had long before ceased to be an apartment house and was occupied by a foreign government office. The Shinn building was a non-conforming office use for many years before zoning existed. The Lowe property was an outmoded town house and the exception was granted, limited to professional offices. Dr. Sappington had for many years occupied two floors for his offices and permission was granted to change the other two floors likewise to offices for his son. The Motion Pictures Association was given permission to use a very large outmoded residence with no exterior changes. Exactly the same was true of the Christian Science Reading Room and the office use upstairs was simply for four church officials. Prior to erection of the Tucci or World Center Building, a large, outmoded residence, which had become dilapidated was torn down, and the land used as an automobile parking lot. Moreover the lot did not face on Sixteenth Street but on K Street, which is zoned commercial in any instance."

The defendants then say in referring to their actions: "The opinion then takes note of three of the applications granted subsequent to the bringing of the suit by plaintiff. The American Federation of Labor was permitted to build a monumental type building on land that has been a vacant lot and the rear of which was already zoned commercial. The National Automobile Dealers and, subsequently, the International Union of Electrical Workers were permitted to erect their national headquarters where a large outmoded town house had stood. Charles Tompkins was permitted to physically extend his offices into an adjoining large outmoded residence which had theretofore been occupied by doctors and a foreign government." Thus the majority of the Board attempted to distinguish the requests it granted from the plaintiffs' request—an attempt which is utterly without foundation and merit. They have failed to distinguish between the appeals granted and the plaintiffs' appeal.

The defendants say on page 9 of their points and authorities: " * * * the point is that in no case did the Board permit the conversion of a building that was being substantially used as residential property", but this is not "the point" at all. The issue here is, in the light of the evidence before the Board, will the granting of the plaintiffs' request "tend to affect adversely the use of neighboring property in accordance with the zoning regulations and maps" or "affect adversely the present character and future development of the neighborhood" or "result in dangerous or otherwise objectionable traffic conditions?" Stated another way, the issue is, considering the evidence before the Board, will the use of plaintiffs' property as an office building be more in accord with the present character and future development of the neighborhood than its present use as an apartment house?

Due to the numerous exceptions already granted by the Board to properties similarly situated, the character of the neighborhood has ceased to be residential. Office buildings, hotels and other nonresi-

dential uses now in being or authorized, comprise 85.4 per cent of the Sixteenth Street frontage between H and M Streets, N.W. In view of this, and in view of the testimony before the Board, it cannot now reasonably be said that the conversion of plaintiffs' building to an office use would "tend to affect adversely the use of neighboring property" or "affect adversely the present character and future development of the neighborhood" or "result in dangerous or otherwise objectionable traffic conditions."

It is true that the Board of Zoning Adjustment cannot transform lower Sixteenth Street into a typical commercial street, but the plaintiffs are not asking for this. It is not contemplated that the premises in question would house retail stores or that it would contain show windows or that it would display neon or gas signs. Plaintiffs are only asking that their building be converted to a limited type of commercial use.

■ The burden of showing the existence of conditions warranting the granting of the special exception rests upon the plaintiffs. They have carried the burden.

■ There being no sound basis for distinguishing between plaintiffs' appeal and the other appeals already granted, and the evidence before the Board failing to support the conclusion of the majority of the Board, the denial of plaintiffs' appeal was arbitrary, and it is the conclusion of this Court, after a careful consideration of the entire record, including the affidavits, the exhibits, the briefs and the oral arguments, that the defendants' refusal to grant plaintiffs' appeal was without reasonable foundation and constituted a manifest abuse of discretion.

The motion for summary judgment of the defendants is denied, and the motion for summary judgment of the plaintiffs is granted, and the defendant members of the Board of Zoning Adjustment are hereby ordered to vacate their order of April 19, 1955 denying plaintiffs' appeal to convert the use of premises 1016 Sixteenth Street, N.W. to an office building,

and they are hereby ordered to grant without unnecessary delay the exception as provided in Paragraph 29 of Part 2 of Section XXIII of the Zoning Regulations of the District of Columbia.

Counsel for the plaintiffs shall submit an order not inconsistent with this opinion.