## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

In the Matter of Dobbs Houses,
a division of Beech-Nut, Inc.,
a/k/a Dobbs Houses, Inc.

September 24, 1970

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today wherein the Court has affirmed the decision of the Board of Zoning Appeals in this matter.

The case is before the Court upon appeal from a decision of the Board which denied the petitioner's request for a variance from the applicable zoning ordinance. Such variance was requested so that the petitioner might erect a freestanding sign upon its premises at 4702 Forest Hill Avenue in this City. The property is located in a C-2 Neighborhood Shopping District. Prior to the Board's decision, the Commissioner of Buildings had disapproved a permit to erect such sign on the property because the petitioner's building located thereon did not cover at least 2,000 square feet of ground area as required by the city zoning regulations. City Code § 42-49(27)(f)(2). The building covers approximately 1,040 square feet of ground area.

A review of the record produced by the Board before this Court and a consideration of the evidence presented herein on September 8, 1970, shows that the petitioner operates on the property in question a restaurant business which is open twenty-four hours a day, seven days a week and which caters to highway travelers; and that the petitioner proposes to erect a freestanding sign near the sidewalk measuring six feet by eight feet, which would

be similar to several other such signs located in the immediate area as shown on photographs received as petitioner's exhibits herein.

The evidence further shows that the petitioner's building meets the setback requirement contained in the aforesaid zoning ordinance and that the application of the petitioner would have been automatically approved if the building had met the size requirement aforestated.

The thrust of the petitioner's argument is that the Board has acted arbitrarily in denying its request since there are several other such signs located within the immediate area on both sides of Forest Hill Avenue. The petitioner argues that since some of these other signs apparently were erected pursuant to a variance, the Board has, therefore, been unreasonable in its denial to this petitioner of its request for its variance.

The function of this Court in reviewing the decision of the Board should be emphasized. Upon review, the decision of the Board is presumed to be correct and the Court may not disturb the Board's decision "unless it has applied erroneous principles of law or where the board's discretion is involved unless the evidence before the Court proves to its satisfaction that the board's decision is plainly wrong and violative of the purpose and intent of the zoning ordinance." *Board of Zoning Appeals* v. *Combs*, 200 Va. 471, 477 (1959). The burden of proof is upon the appellant to show to the satisfaction of the Court that the Board's decision was plainly wrong under the evidence. *C. & C. Inc.* v. *Semple*, 207 Va. 438, 441 (1966).

With these principles in mind, an examination of the powers and duties of the Board under these circumstances should be made to determine whether it has abused its discretion in this case. Under City Charter § 17.20(b), the Board is given the power to grant variations in the zoning regulations when:

> a property owner can show that his property was acquired in good faith and where by reason of the exceptional narrowness, shallowness or shape of a specific piece of property at the time of the effective date of the ordinance or where by reason of the exceptional topographical conditions or other extraordinary or excep-

tional situation the strict application of the terms of the ordinance actually prohibit or unreasonably restrict the use of the property, or where the board is satisfied, upon the evidence heard by it, the granting of such variation will alleviate a clearly demonstrable hardship approaching confiscation as distinguished from a special privilege or convenience sought by the owner; provided, however, that all variations granted shall be in harmony with the intended spirit and purpose of this charter and the ordinance.

The petitioner does not contend that the Board has applied erroneous principles of law, nor does it argue that the contour or shape of its property presents a need for relief. It takes the position that the decision of the Board "is arbitrary under these facts and circumstances and constitutes an abuse of its discretion," and states, in effect, that since its representative prior to purchasing the site observed other freestanding signs in the area similar to that here proposed, then it assumed that it would be allowed to erect such a sign to announce its location and business to the public, particularly in view of the fact, as shown by the photographs, that its one-story building is obscured to some degree from an approaching motorist by the residences with the associated shrubbery and trees on either side thereof and by a stockade fence erected on its east property line.

Contrary to the argument of the petitioner, the Court finds from the facts that the Board has not abused its discretion in determining that the petitioner has "failed to present evidence to show that an exceptional or extraordinary situation exists whereby strict application of the terms of the ordinance prohibits or unreasonably restricts the use of the property" nor has the Board abused its discretion in determining that there is no "clearly demonstrable hardship approaching confiscation" present. As the Board pointed out, it must be assumed that the applicant was aware of the zoning restrictions applicable to the property at the time of purchase, the existing topographical conditions being readily apparent. Therefore, any present publicity problem was created by

the applicant. As was pointed out in *Combs* "self-inflicted hardship, deliberately or ignorantly incurred, affords no basis for special treatment under zoning regulations." 200 Va. 477-478.

It does not necessarily follow, as the petitioner argues, that since other signs of like size have been allowed in the immediate area, then the conclusion must be reached that the Board has acted arbitrarily in denying this applicant's request. While the evidence touched on some of the circumstances whereunder several of these signs were approved, the complete facts and circumstances surrounding the approval of those other signs in other cases are not before the Court; and properly so, since the Board's action in such other cases is not relevant here. The only conclusion which may be properly drawn from the presence of these other signs at their respective locations is that the approval for their erection was lawful and regular in all respects based on the particular facts relating thereto.

As the petitioner concedes the Board has correctly applied the law; and for the above reasons, the Court finds that the petitioner has failed to carry the required burden of proving to the satisfaction of the Court that the Board's decision is plainly wrong. Such decision is therefore affirmed.