LEONARD A. PIERCE *vs.* BOARD OF APPEALS OF CARVER & another. [1]

Plymouth.   January 15, 1974. — March 4, 1974.

Present: ROSE, GOODMAN, GRANT, & ARMSTRONG, JJ.

*Zoning,* Special permit, Board of appeals, Mobile home.   *Equity Pleading and Practice,* Zoning appeal.

In a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a town's zoning board of appeals granting a special permit for a mobile home park, the decision must be annulled as in excess of the board's authority where neither the board nor the judge made a finding, required by the town's zoning by-law for the granting of a special permit, that the proposed use thereunder would "not be detrimental to the established or future character of the . . . town," and the only evidence of its character at the trial was that the cranberry industry contributed a substantial percentage of the town's taxes and that the town was being "rushed with homes, development." [6-7]

BILL IN EQUITY filed in the Superior Court on March 21, 1972.

The suit was heard by *Brogna,* J.

*John H. Wyman* for the plaintiff.

*Daniel F. Murray* for J. M. & J. Corporation.

---

[1] J. M. & J. Corporation.

GRANT, J.   An abutter has appealed to this court from a final decree of the Superior Court which dismissed his bill in equity brought under G. L. c. 40A, § 21, to challenge the validity of a decision of the board of appeals of the town of Carver (board) by which the board purported to grant a special permit (G. L. c. 40A, § 4) for the use of a parcel of land on Wareham Street in South Carver for a mobile home park.   The case is here on "Findings, Rulings and Order for Decree" and a report of the evidence.

Section I of the zoning by-law states its purpose to be "[t]o promote the health, safety, convenience, morals and general welfare of . . . [the town's] inhabitants, to lessen the danger from fire and congestion, to conserve the value of land and buildings, and to improve and beautify the town under the provisions of General Laws, Chapter 40A . . .."   The provisions of §§ II and IV A 2 b (3) of the by-law are such that the locus may be used for a mobile home park if a special permit therefor is first obtained from the board.   Section VII B 2 provides in pertinent part that the board may grant a special permit "when it shall have found that the use involved will not be detrimental to the established or future *character of the* neighborhood and *town,* or injurious or offensive to the neighborhood, and subject to appropriate conditions or safeguards if deemed necessary" (emphasis supplied).

We are constrained to reverse the decree of the Superior Court and to annul the decision of the board for a very basic reason which appears to have escaped the parties and the trial judge.   Neither the board nor the judge made a finding, express or implied, to the effect that the use of the locus for a mobile home park would not be detrimental to the established or future character of the town.   Such a finding was essential to the validity of the board's decision. *Moore* v. *Cataldo,* 356 Mass. 325, 328-331 (1969). *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 294-300 (1972).   See also

*Vazza Properties, Inc.* v. *City Council of Woburn,* 1 Mass. App. Ct. 308, 311-312 (1973).

The board considered the economic impact which a mobile home park would have on the town; its decision contains no finding as to, nor does it disclose any consideration of, the impact of that use on the character of the town.[2]   The evidence at the trial did not warrant the only findings (as opposed to rulings of law) which the judge purported to make with respect to the merits of the board's decision.[3]   The only such evidence of the character of the town, as opposed to that of the neighborhood of the locus, was that the cranberry industry contributes somewhere between thirty and forty per cent of the taxes in the town and that the town is being "rushed with homes, development."   If nothing else, the dissimilarities between such competing land uses serves to emphasize the crucial importance of a finding which was not made.

The final decree of the Superior Court is reversed.   A new final decree is to be entered annulling the decision of the board of appeals as being in excess of the board's authority.   Costs of appeal are not to be awarded to any party.

*So ordered.*

---

[2] In view of the result reached we need not consider whether the board, in acting under § VII B 2 of the by-law, is required to consider and weigh the purposes stated in § I of the by-law.   See *Selectmen of Hatfield* v. *Garvey,* 362 Mass. 821, 826 (1973).

[3] The trial of this matter was held in Boston, and it does not appear that the judge took a view of any part of the town.