DAVID WIZANSKY & another *vs.* BOARD OF APPEALS OF BROOKLINE & others. October 25, 1985. *Zoning*, Special permit, Parking area, Board of appeals: decision.

Although the judge should have made express findings on the evidence before him instead of incorporating by reference those made by the board (see *Josephs* v. *Board of Appeals of Brookline*, 362 Mass. 290, 295 [1972]; *Pierce* v. *Board of Appeals of Carver*, 2 Mass. App. Ct. 5, 6 [1974]), no purpose would be served by a remand for express findings except to aggravate the problems of cost and delay in an action already excessive in both respects.

The facts material to decision are not in dispute. The Williams family lives in a dense neighborhood of older houses in Brookline. They do not have a driveway and applied to the board for a special permit to build one for two cars. At the time the board granted the special permit, the house was occupied by Mr. Williams (a taxi driver), Mrs. Williams (a nurse), Mrs. Jack (Mrs. William's mother), two Williams children and one Schenkman, a tenant. The tenant, a handicapped person, owned a car with handicapped driver plates and was able to park on the street under an exception to Brookline's general ban on overnight street parking. Mrs. Jack owned the only car in the Williams family, and it was used by Mrs. Williams to go to work. She parked it two blocks away when she returned from her nursing shift after midnight. The sideyards of the Williamses' house are 8.00 to 8.65 feet on the left and nine feet or slightly more on the right (the Wizanskys' side), not counting a bay window overhang which affects six to seven feet of the proposed driveway. (The total length of the lot line is approximately sixty-five feet.) The board had previously refused a special permit for a proposed driveway on the left, reasoning that the narrowness of the left sideyard would be likely to result in trespass on the neighbor's property when persons using the driveway tried to enter or leave cars. The board, in allowing the driveway on the slightly wider Wizansky side, also found that that corridor was darker and less attractive than the rejected left corridor and was thus the preferred side for a driveway. It also imposed a

---

condition that the use of the drive be limited to two cars, that such cars belong to persons resident in the house, and that Schenkman's car, then parked on the street, be parked thenceforth in the driveway.[1] The Wizanskys appealed from the board's decision to the Superior Court and now appeal from that court's adverse decision.

The Brookline zoning by-law relative to off-street parking (§ 6.13) specifies dimensional requirements, including side-line set backs, but provides, in § 6:13(1), for special permits substituting different dimensional requirements "where new parking facilities are being installed to serve structures . . . in existence . . . at the date of adoption of this By-law . . . provided such substitution is necessary to permit the installation of some or all of the off-street parking spaces that would be required for a similar new building, and provided that the provisions of paragraph (f) of this section are met." Paragraph (1) expresses a policy of encouraging the development of off-street parking for preexisting structures, subject to the flexibility of the special permit procedure and the general requirements (expressed in § 9.5[A] [1-4]) therefor. The board made findings relative to the general requirements for special permits on evidence that adequately supported those findings. It is true, as the Wizanskys argue, that somewhat more detailed findings were held inadequate in the *Josephs* case, *supra*, but there the proposed project (a fifteen-story, multi-use building) was vastly more complex and called for more detailed analysis. Cf. *Vazza Properties, Inc.* v. *City Council of Woburn,* 1 Mass. App. Ct. 308, 312 (1973). There was certainly a rational, nonarbitrary basis in the evidence for preferring a driveway on the right side of the Williamses' house rather than one on the left.

The Wizanskys' more specific contentions are without merit. The judge correctly ruled that special permits under § 6.13(1) do not have to meet the requirements of the separate special-permit granting authority of § 5.43. Section 6.13(b) (6), requiring that no more than twenty-five percent of parking spaces should be designated for compact cars only, and § 6.13(c), requiring that spaces in parking facilities must be designed so that vehicles may leave without requiring the moving of another vehicle except in parking facilities that have a full-time attendant on duty, as a matter of common sense should be read to apply to parking lots divided into marked spaces. The judge did not err in sustaining the board's position that they have no application to the simple residential driveway at issue here.

[1] Schenkman died during the pendency of the appeal. The Wizanskys filed a motion for remand to the board for reconsideration of the decision in the light of Schenkman's death. The panel denied the motion because the board's decision, read in its entirety, does not suggest that getting the Schenkman car off the street was a determinative factor in the decision to grant the special permit; rather, the condition was imposed as an incidental public benefit. The condition that neither of the two cars permitted to park in the drive could belong to a non-occupant indicates that the board was thinking beyond the requirements of the then occupants of the Williamses' house.

The Wizanksys are correct in contending that the narrow driveway the Williamses plan creates a danger of trespass and headlamp glare that should be avoided. Special permits under § 6.13(l), quoted above, must provide for compliance with the requirements of par. (f). Subparagraph (f) (2) requires protection in these circumstances in the form of either shrubbery (which space considerations make unfeasible in this case) or a suitable fence, which, as explored at the trial, would be feasible and seems necessary to protect the Wizanskys' interests. Given the mandate of § 6.13(l), the special permit should be modified to require the Williamses to erect a suitable boundary fence in the dimensions specified by § 6.13(f) (2) (ii), as a condition of constructing the drive. The judgment should be modified to make provision for a remand to the board for the purpose of adding such a condition.

As so modified, the judgment is affirmed.

*So ordered.*

The case was submitted on briefs.

*Russell K. Dunning* for the plaintiffs.

*George E. Richardson & Neil G. Melone* for John A. Williams & another.

*Sara Holmes Wilson* for Board of Appeals of Brookline.