Defendants Frederick and Lauren Bromberg own a single-family, two-bedroom home in Wellfleet. The home does not conform to the following requirements of the zoning bylaws of the town of Wellfleet (bylaws): front yard (east) setback (25.6 feet; thirty feet required); side yard (north) setback (8.5 feet; twenty-five feet required); and building coverage (15.78 per cent; fifteen per cent maximum). The lot on which the home is located is also nonconforming as to its area and frontage.
On November 3, 2015, the Brombergs submitted an application to the zoning board of appeals of Wellfleet (board) for a special permit to demolish their existing residence and replace it with another single-family, two-bedroom home, as well as for a floodplain exemption. The proposed project would increase the nonconformity of the front yard (east) setback by .1 feet, would not affect the nonconformity of the side yard (north) setback, and would increase the nonconformity of the building coverage by 6.18 per cent. The project would also increase the dimensions of the house in other ways that would not affect its compliance with the bylaws.
The board held a hearing on the project, at which a letter objecting to it, written by the husband of the plaintiff, Janice Coady, whose residence abuts the Brombergs' property, was read into the record. Thereafter, the board issued a two-page decision granting the special permit and the floodplain exemption. Coady filed a complaint in the Land Court under G. L. c. 40A, § 17, challenging that decision. After a trial, a Land Court judge affirmed the board in a careful thirty-three page decision. Coady then appealed the judgment.
Before us Coady does not challenge any of the judge's findings of fact or his determination that the applicable criteria for granting the special permit and the floodplain exemption were met. Rather, she challenges only the judge's holding, expressed briefly in footnote fifty-nine of the decision, that the board considered the appropriate criteria in rendering its decision. Specifically, she argues that the board failed to consider certain criteria enumerated in § 8.4.2 of the bylaws, and that the board failed to determine that the project would not be substantially more detrimental to the neighborhood than the existing nonconforming structure, as required by § 6.1.5.1(b) of the bylaws and G. L. c. 40A, § 6.[3]
When a zoning board grants a special permit, it must "make an affirmative finding as to the existence of each condition of the statute or by-law required for the granting of the ... special permit." Vazza Props., Inc. v. City Council of Woburn, 1 Mass. App. Ct. 308, 311 (1973). A zoning board's decision that rests upon inadequate consideration of the relevant legal criteria must be vacated.[4] See Pierce v. Board of Appeals of Carver, 2 Mass. App. Ct. 5, 7 (1974).
Section 8.4.2 of the bylaws states that the board "shall not grant a special permit unless it finds that the benefits of the proposal to the town will outweigh any adverse effects on the Town of the vicinity [sic ], taking into consideration the stated district objectives (Section 3.2) and, where germane, the following matters." The bylaws then list twelve factors, only two of which -- adequacy of roads and drainage, and whether scenic views have been considerately treated -- are mentioned in the board's decision and, even then, only in a conclusory fashion.
According to Coady, this provision of the bylaws requires the board to consider all the listed factors in every instance. We disagree. The bylaws are clear that the board need only consider factors "where germane." Nevertheless, the board did not find that the other factors were not germane, a question on which we express no opinion, and the perfunctory nature of its decision leaves us with no confidence that this, as opposed to its failure to consider them, is the reason why the other factors were not addressed.
The Brombergs argue that the board's findings that there would be no change or increase in use constitute implicit consideration of the other factors. While we have upheld zoning board decisions that only indirectly addressed the relevant factors, see, e.g., Sheehan v. Zoning Bd. of Appeals of Plymouth, 65 Mass. App. Ct. 52, 58 (2005), we have done so only when the factors actually addressed by the board "implied that the conditions were met." Id. Here, we fail to see the connection between no change in use and, for example, "[w]hether reasonable efforts have been made to minimize visibility of parking and service areas from public streets," as stated in § 8.4.2.3 of the bylaws. Unlike in Sheehan, the board's limited and conclusory findings have no connection with at least some of the omitted factors. While "meager" findings can sometimes be "legally sufficient," Josephs v. Board of Appeals of Brookline, 362 Mass. 290, 293 (1972), nonexistent ones cannot.
Furthermore, § 6.1.5.1(b) of the bylaws requires the board to determine, with respect to alterations to structures that increase their nonconforming nature, "that the alteration is not substantially more detrimental to the neighborhood than the existing non-conforming structure." See G. L. c. 40A, § 6.[5] Here, the board made no finding that compared the respective detriments to the neighborhood of the existing and the proposed nonconforming structures.
Again the Brombergs argue that the required finding is implicit in the board's decision, and again we disagree. The Brombergs can point only to a passage in the decision that reads, "The Board felt the Bromberg's [sic ] went further than the Board initially requested and were very happy with the proposal." But the board gave no indication as to how the Brombergs "went further" than what the board initially requested or, indeed, what that request was. Nor does the board's subjective satisfaction with the Brombergs' proposal equate to a finding that the proposal would not be substantially more detrimental to the neighborhood than the existing nonconforming structure.
For the foregoing reasons, the board's decision could not be affirmed. In these circumstances, as both parties agreed at oral argument, the proper course is to remand the matter to the board rather than to annul the board's decision. See Board of Aldermen of Newton v. Maniace, 429 Mass. 726, 732-733 (1999) ("a court's exercise of its remand authority is the proper, and most expeditious, remedy where any defects exist in the statement of reasons filed by a board to support its decision on a special permit application"). With respect to any future proceedings in this matter, we note that Coady has not challenged any other aspect of the Land Court decision apart from that contained in footnote fifty-nine, despite having had the opportunity to do so in this appeal. Therefore, should there be an appeal after remand, it will be within the judge's discretion not to revisit those other aspects of the decision unless the board's subsequent actions raise issues that the judge has not already addressed. See Peterson v. Hopson, 306 Mass. 597, 601 (1940) ("there is no duty to reconsider a case, an issue, or a question of fact or law, once decided ...").
With our remand to the Land Court, the judge is to remand the matter to the board with instructions to issue new findings of the following kind. With respect to each factor listed in § 8.4.2 of the bylaws, the board shall either explicitly state why that factor is not germane, or address the merits of that factor, including its reasoning and identifying any evidence upon which it relies. The board shall also make an explicit determination as to whether the project is substantially more detrimental to the neighborhood than the existing nonconforming structure, again including reasoning and an identification of any supporting evidence, and shall address all other relevant factors.[6] See Josephs, 362 Mass. at 295 ("the board, when granting a special permit, must set forth 'clearly the reason or reasons for its decisions' that the applicable statutory and bylaw standards have been met"). The "requirement for specific findings and a detailed record of the board's proceedings and the reason or reasons for its decision 'is not satisfied by a mere repetition' " of the words of the statute or the bylaw. Warren v. Zoning Board of Appeals of Amherst, 383 Mass. 1, 10 (1981), quoting Brackett v. Board of Appeal of the Bldg. Dep't of Boston, 311 Mass. 52, 54 (1942).
Therefore, the judgment is vacated and the matter is remanded to the Land Court, where the judge is to remand the matter to the board with instructions consistent with this memorandum and order.
So ordered.
Vacated and remanded

Coady does not challenge any aspect of the board's grant of the floodplain exemption.

At oral argument, the parties agreed that the judge's analysis cannot cure the board's failure, if any, to consider the required criteria.

The judge held, and the Brombergs do not dispute, that the project constitutes an alteration that increases the nonconforming nature of the home.

Although Coady does not raise this point on appeal, the board should note that § 8.4.2 of the bylaws requires it to determine whether "the benefits of the proposal to the town will outweigh any adverse effects on the Town of the vicinity [sic ], taking into consideration the stated district objectives (Section 3.2) ...."