## CIRCUIT COURT OF FAIRFAX COUNTY

Byron C. Hughey et al.

v.

Fairfax County
Zoning Appeals Board

November 6, 1996

Case No. (Chancery) 140316

BY JUDGE MICHAEL P. MCWEENY

This case came before the Court upon a Writ of Certiorari from the Fairfax County Board of Zoning Appeals. A hearing took place on October 29th, at which time both parties presented briefs and oral arguments. Having now reviewed the briefs and underlying authorities, the Court makes the following determinations.

### Facts

In 1986 Byron Hughey and Julie Hughey purchased real property located in the town of Vienna, Virginia. The property consisted of a main dwelling unit and a two-apartment "guest house." The Hugheys bought the property on the belief that it was a legally-existing non-conforming use. Since buying the property, the Hugheys moved into the main house and rented out the two apartments in the guest house. In January, 1995, the Hugheys received a letter from the Zoning Administrator of Fairfax County advising them that the use of the apartments in the guest house violated the Fairfax County Zoning Ordinance. The Hugheys filed an appeal of the Zoning Administrator's ruling. On June 13, 1995, a public hearing occurred before the Board of Zoning Appeals (hereinafter "BZA"). After hearing testimony, the BZA voted 3 to 3

on a motion to affirm the Zoning Administrator's ruling. Later on June 20, 1995, the BZA declined to reconsider its previous motion. Thereafter, the Hugheys filed this action on July 13, 1995.

### Decision of the Board of Zoning Appeals

The first question before the Court is whether or not the BZA has rendered a decision as required by the Fairfax County Zoning Ordinance. The Court finds that it did. The Fairfax County Zoning Ordinance requires the BZA to either affirm or reverse the decision appealed to it.[1] In doing so, the Zoning Ordinance requires the concurring vote of four members of the BZA to reverse the determination of the Zoning Administrator. Fairfax County Zoning Ordinance § 18-306(2). In the case at bar, the motion presented for the vote of the BZA was to affirm, rather than to reverse, the decision of the Zoning Administrator. Applying Robert's Rules of Order, the motion to affirm failed on the tie vote. Yet, in voting, the BZA established that it could not and would not reverse the Zoning Administrator as three of the six members voted to affirm. As the BZA voted on the issue, they acted. As there were not four concurring votes to reverse, the decision of the Zoning Administrator is unchanged and *de facto* affirmed. The matter is properly before the Court, and the petitioners' Motion for Summary Judgment is denied.

### Non-Conforming Use

The next issue before the Court is whether the BZA's determination that there was not a legal non-conforming use is valid. To begin, it is important to note that this case is before the Court on certiorari from the BZA. Therefore, the BZA's decision is presumed correct and can only be reversed or modified if the Court determines the BZA applied erroneous principles of law or was plainly wrong. *Board of Zoning Appeals v. University Square Assocs.*, 246 Va. 290, 295 (1993).

Generally, to be a lawful non-conforming use, the lawful use must have existed on the effective date of the zoning restriction and continued since that time in non-conformance. *C & C, Inc. v. Semple*, 207 Va. 438 (1966). The burden is thus on the Hugheys to prove that the non-conforming use existed prior to the 1941 and 1959 zoning ordinances and also that the use continued relatively uninterrupted up to the present. Based on the record, the Court finds

---

[1] "The BZA may affirm or reverse, wholly or partly, or may modify the order, requirement, decision or determination appealed from." Fairfax County Zoning Ordinance, § 18-306(1).

that there is not sufficient evidence of continuous non-conforming use to find the BZA's decision "plainly wrong."

For purposes of this hearing, the dispositive moment in the property's history is the conversion of the property in 1945 to a "Private Residence Primary School." On November 16, 1945, the owners of the property filed for a special exception from the BZA to use the property for classroom and dormitory space. The owners of the property at that time represented to the BZA that the main house would be used for boarding and that the guest house would be used for classrooms. If the guest house was only used as classrooms, then the Hughey's petition would fail as there could not have been a continuous use of the guest house as apartments. Alternatively, even if the guest house was used for dormitory space, the Hughey's petition would still fail for two reasons. First, the use of the guest house as a dormitory for a school is not the same as using the guest house as apartments; thus, the use of the guest house as apartments is not continuous. Additionally, the use of the guest house as a dormitory would be in contravention of the representations made to the 1945 BZA; thus, the continuous use of the guest house may not have been legal. Either way, the Hugheys have not shown a legal continuous non-conforming use up to the present nor have they shown sufficient facts for the Court to rule that the BZA's decision was "plainly wrong."

Additionally, the use of the property as a boarding school is dispositive because it breaks the nonconforming use. The zoning ordinance at the time provided that "[n]o building, structure or land in which a non-conforming use is abandoned for a period exceeding one hundred eighty (180) days, or is superseded by a permitted use subsequent to the enactment of this Ordinance, shall again be devoted to any prohibited use." Zoning Ordinance § X(B) (1941). When the boarding school was established under the BZA's special exception, it ceased being a non-conforming use and cannot later return to the non-conforming use.

*Zoning Administrator's Official Determination*
*Under § 15.1-496.1(c)*

The Hugheys allege that in 1977, a Zoning Administrator made the determination that the property was a legal non-conforming use. They then argue that Va. Code § 15.1-496.1(c) prohibits the modification of the Zoning Administrator's determination when relied on by a person.[2] While the Court

---

[2] "In no event shall a written order, requirement, decision or determination made by the zoning administrator or other administrative officer be subject to change, modification or reversal

agrees that § 15.1-496.1(c) does prohibit such modifications, it does not apply here. This is because § 15.1-496.1(c) became effective after this case arose. To begin, it is well settled that statutes are presumed to be prospective in operation. *See, Virginia Farm Bureau Ins. Co. v. Travelers Indem. Co.*, 242 Va. 203, 208 (1991). In this case, the Zoning Inspector's report that the Hugheys rely upon was prepared in 1977. Additionally, the notice of the ordinance violation occurred in January, 1995, and the BZA heard the appeal in June, 1995. The Code section, however, did not become effective until July, 1995. Thus, § 15.1-496.1(c) does not apply to this case because it became effective after the BZA's decision.

Finally, even if § 15.1-496.1(c) applied to this case, the Hugheys' claim would still fail. This is because there is some question as to whether the 1977 report constituted a determination by a Zoning Administrator. Also, there is no evidence that the Hugheys or their predecessor even knew of the 1977 report before bringing this action, much less relied upon it. For these reasons, the Court finds that Va. Code § 15.1-496.1(c) does not apply to this case.

## *Conclusion*

In accordance with the foregoing analysis, the Court affirms the decision of the Board of Zoning Appeals.

---

by any zoning administrator or other administrative officer after sixty days have elapsed from the date of the written order, requirement, decision or determination where the person aggrieved has materially changed his position in good faith reliance on the action of the zoning administrator or other administrative officer unless it is proven that such written order, requirement, decision or determination was obtained through malfeasance of the zoning administrator or other administrative officer or through fraud." Va. Code § 15.1-496.1(c) (Supp. 1996).