Present: Carrico, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ.

TOWN OF FRONT ROYAL, ET AL.

OPINION BY
v.  Record No. 001010    JUSTICE LAWRENCE L. KOONTZ, JR.
March 2, 2001
MARTIN MEDIA


FROM THE CIRCUIT COURT OF WARREN COUNTY
John E. Wetsel, Jr., Judge


This appeal arises out of a landowner's petition, filed in the trial court, for a writ of certiorari to review a decision by a local board of zoning appeals and the concurrent motion of the locality for declaratory judgment and injunctive relief, filed in the same court, against the landowner. The trial court consolidated the cases, and subsequently entered judgment for the landowner. We awarded an appeal to the locality and accepted assignments of cross-error raised by the landowner.

BACKGROUND

The parties stipulated to the material facts that form the basis of the trial court's recitation of findings in its final order. At issue is a two-sided wooden billboard on a parcel of land owned by Martin Media in the Town of Front Royal (the Town). Although the precise date of the billboard's construction is unknown, an examination of aerial photographs of the Town reveals that the billboard was constructed sometime between 1951 and 1966.

Section 16.3 of the 1951 Town Code permitted billboards to be constructed on appropriately zoned parcels "[w]hen not exceeding fourteen feet in height above curb level, with a clear space of not less than three feet between the bottom of the . . . billboard and the ground." Martin Media's billboard is approximately twenty-four feet in height. Although there is no evidence that the Town granted a variance for the billboard to exceed the height restriction of the 1951 Town Code, the Town concedes that its "records as to zoning variances and sign permits are incomplete."

In 1978, the Town adopted the current zoning ordinance prohibiting the construction of any billboards in the Town.[1] This ordinance contains several "grandfathering clauses" implicated by the issues raised in this appeal. Section 601, addressing nonconforming uses, provides that "[i]f at the time of enactment of this Ordinance, any . . . structure legally utilized in a manner or for a purpose which does not conform to

---

[1]The 1978 zoning ordinance superseded a prior zoning ordinance adopted in 1970. Similarly, the 1951 Town Code was superseded in 1965. Neither party contends that provisions of these interim zoning ordinances are relevant to the issues raised in this appeal. Rather, the parties agree that, at the time of the billboard's construction, billboards of not more than fourteen feet in height were permitted to be constructed on properly zoned property within the Town, and that at some point in time thereafter billboards, regardless of height, were no longer permitted to be constructed within the Town.

the provisions of this Ordinance, such manner of use or purpose may be continued as herein provided."  Section 606 provides that "[l]awful uses of land, which at the effective date of this Ordinance . . . become non-conforming, may be continued by the present or any subsequent owner so long as it remains otherwise lawful."  Section 607 provides that structures which "become non-conforming by reason of restrictions on . . . height . . . may continue to be used so long as such structure . . . remains otherwise lawful."  A further provision of the 1978 zoning ordinance repeals all prior inconsistent ordinances.

In March 1998, Martin Media, which had obtained the necessary permits to do so, removed old light fixtures extending perpendicularly from the top of the billboard and replaced them with new light fixtures extending in the same manner from the bottom of the billboard.  The installation of the new light fixtures was approved by the Town's inspection office.  However, on July 2, 1998, the Town's zoning administrator advised Martin Media that as a result of the installation of the new light fixtures, the billboard violates the 1978 zoning ordinance.  The zoning administrator concluded that the billboard is nonconforming because the new light fixtures extend into the public right-of-way adjoining Martin Media's property.  The zoning administrator directed Martin Media to remove the new light fixtures by August 3, 1998.

3

Martin Media filed an appeal to the Town's board of zoning appeals, challenging the zoning administrator's interpretation of the zoning ordinance and his directive to remove the new light fixtures. Martin Media contended that the replacement of the old light fixtures was a permissible repair of the billboard. At its September 21, 1998 meeting, the board of zoning appeals denied the appeal on the ground that there was insufficient evidence that the old light fixtures also had projected into the public right-of-way, as Martin Media maintained. The board also noted that it appeared that the old light fixtures had been non-functional for a sufficient period of time to constitute abandonment by Martin Media of its use of the billboard as a lighted sign. On October 21, 1998, Martin Media filed a petition for writ of certiorari in the trial court, seeking a review of the decision of the board of zoning appeals.

On October 28, 1998, the Town filed a motion for declaratory judgment and injunctive relief, seeking a declaration that the billboard is an unlawful nonconforming use and an injunction requiring Martin Media to remove the billboard for that reason. The Town contended that the billboard has never been a lawful use because when it was constructed it exceeded the height restriction for billboards in the then applicable Town Code. Thus, the Town further contended that the

4

billboard is not entitled to the protection of the grandfathering clauses of the 1978 zoning ordinance as a lawful nonconforming use.

The cases were consolidated, the parties stipulated to the material facts as recited above, and the trial court conducted a hearing in both cases on February 16, 2000. In its opinion and final order entered on February 22, 2000, the trial court noted that it was Martin Media's burden to prove that its billboard was a lawful nonconforming use of the property. The trial court further noted that when the billboard was initially constructed, the 1951 Town Code permitted the construction of billboards, but limited their height to fourteen feet above curb level. Accordingly, the trial court concluded that, because no evidence established that a variance was ever granted by the Town to permit the twenty-four foot height of this billboard, "it was not a conforming structure, but it was a permitted use" at that time. The trial court further concluded that under the 1978 zoning ordinance a billboard is a structure under the ordinance's definition of "Structure, Outdoor Advertising." Having concluded that the billboard was a "permitted use" when initially constructed, the trial court determined that this use was subject to the grandfathering clauses of the 1978 zoning ordinance. Upon those conclusions, the trial court ruled that "the encroachment onto the state's right of way by the overhang

5

of [Martin Media's light fixtures] is an incidental use of property incident to the grandfathered use, and it may continue as a nonconforming use." Accordingly, the trial court reversed the decision of the board of zoning appeals requiring Martin Media to remove the new light fixtures from the billboard.

With regard to the Town's declaratory judgment action, the trial court determined that the Town's effort to have the billboard declared an unlawful nonconforming use is an improper effort to enforce the 1951 Town Code. The trial court reasoned that although the billboard, when originally constructed, exceeded the fourteen foot height restriction of that Code, "[t]he Town's right to prosecute violations of the 1951 Code was lost when that Code was superseded by the Town's subsequent zoning ordinances." The trial court further reasoned that the continued lawfulness of the billboard is governed by the provisions of the 1978 zoning ordinance under which it became grandfathered because it was a lawful nonconforming use when that ordinance was enacted. Accordingly, the trial court denied the Town's motion for an injunction requiring Martin Media to remove the billboard.

The Town noted an appeal, assigning error essentially to the trial court's ruling that the billboard is a lawful nonconforming use and, thus, subject to the grandfathering clauses of the 1978 zoning ordinance, and, if that ruling is not

6

in error, to the further ruling that the installation of the new light fixtures is a proper incidental use of the billboard. Martin Media assigned cross-error, Rule 5:18(b), essentially challenging the trial court's determination that it has the burden of proving a lawful nonconforming use of its billboard, that the billboard is not subject to a variance, and that the billboard constitutes a "structure" under the 1978 zoning ordinance.

## DISCUSSION

Notwithstanding the various assignments of error, it is readily apparent that the dispositive issue raised by this appeal is whether the trial court erred in ruling that although Martin Media's billboard was a nonconforming use when originally constructed, because billboards in excess of fourteen feet in height were prohibited, it became a lawful nonconforming use when the 1978 zoning ordinance prohibited the construction of all billboards regardless of height. However, to reach that issue, we must first address the cross-error raised by Martin Media contending that, given the parties' stipulations, the trial court erred in ruling that Martin Media has the burden of proving that its billboard was a lawful use prior to the enactment of the 1978 zoning ordinance's ban on the construction of any billboards within the Town. Martin Media maintains that, if this contention is correct, then the Town failed to meet its

7

burden to prove that the billboard is a nonconforming use of its land, ending the inquiry into whether the Town may enforce the current prohibition of the 1978 zoning ordinance against Martin Media's previously existing billboard.

It is the settled law of this Commonwealth that for a prior use of land which violates a newly enacted zoning restriction to be considered a lawful nonconforming use, the use must have been "a lawful use existing on the effective date of the zoning restriction." Knowlton v. Browning-Ferris Industries of Virginia, Inc., 220 Va. 571, 572 n.1, 260 S.E.2d 232, 234 n.1 (1979); C. & C. Inc. v. Semple, 207 Va. 438, 439 n.1, 150 S.E.2d 536, 537 n.1 (1966) (both quoting 2 E. C. Yokley, Zoning Law and Practice § 16-2, at 212 (3rd ed. 1965))(emphasis added in Knowlton). Martin Media acknowledges that in Knowlton we held that "in civil cases . . . the land user has both the burden of initially producing evidence tending to prove a lawful nonconforming use and the burden of persuading the factfinder." 220 Va. at 574, 260 S.E.2d at 235. Martin Media contends, however, that because the parties stipulated that the Town's records of variances granted prior to 1978 are "incomplete," the Town is unable to establish "that [the land user's] use of [its] land is not a permitted use" under the current zoning ordinance as a necessary prerequisite to requiring Martin Media to produce

8

evidence to show that the use of its land, though nonconforming, is otherwise lawful.  Id.  We disagree.

Martin Media is correct that the party challenging a use of land, in this case the Town, "has the initial burden of producing evidence to show the uses permitted in the zoning district in which the land is located and that the use of the land is not a permitted use."  Masterson v. Board of Zoning Appeals of the City of Virginia Beach, 233 Va. 37, 47, 353 S.E.2d 727, 734 (1987).  However, we have never held that this burden extended beyond establishing that a current zoning restriction on the land prohibits the use in question.  Id. Here, it is not disputed that under the current zoning ordinance, Martin Media's use of its land for the billboard in question is prohibited and, accordingly, it became Martin Media's burden to show that this use is a lawful nonconforming use.

Nor are we persuaded by Martin Media's further contention that it should not be required "to locate and produce records that validate its use where such records have been lost, destroyed or are otherwise incomplete."  The evidence does not disclose why the Town's records are incomplete.  However, it is self-evident that the landowner, not the locality, is in the better position to know "about the nature and extent of the use of the land," Knowlton, 220 Va. at 574, 260 S.E.2d at 236, and,

9

thus, it is the landowner who must bear the primary responsibility for ensuring that the use of the land is permitted under the law. While we may assume that a locality will make every effort to maintain accurate and complete records regarding variances granted to landowners, there is obviously an equal, if not greater responsibility on the individual landowner, who generally originates a request for a variance, to maintain his own records with respect to granted variances for the use of his land. The failure of the locality to have complete records will not remove the landowner's burden to produce his own records showing that he, or his predecessor in interest, obtained a necessary variance for a nonconforming use of his land. Accordingly, we hold that the trial court did not err in placing the burden on Martin Media to establish that its billboard was a lawful nonconforming use of its land.[2]

We now turn to the trial court's ruling that the 1978 zoning ordinance's ban on the construction of billboards within the Town acted as a <u>de facto</u> repeal of the height restriction on billboards in the 1951 Town Code and, thus, eliminated the Town's ability to enforce that restriction against previously

---

[2]Similarly, we reject Martin Media's contention that the trial court erred in finding that no variance had been granted for the billboard. Martin Media produced no evidence on this point and was not entitled to any presumption in favor of finding that a variance had been granted.

nonconforming billboards.  In that regard, the issue is not whether the billboard in question is subject to an enforcement of the 1951 Town Code.  Clearly it is not, because that Code is no longer in effect.  Rather, the issue is whether Martin Media's billboard is presently a lawful use under the 1978 zoning ordinance.  Specifically, because the 1978 zoning ordinance prohibits all billboards within the Town, Martin Media's billboard is a lawful use only if it is subject to a grandfathering provision of that ordinance.

The record is clear that at the time of its construction Martin Media's billboard was not lawful because it exceeded the height restriction placed on that type of structure by the 1951 Town Code, and there is no evidence that a variance was granted permitting this billboard to exceed that height restriction. Martin Media's argument, which the trial court appeared to accept, that there is a distinction between billboards as a lawful category of use and individual billboards which violate a height restriction placed on that category of use is without merit.  Either a particular use is permitted under the applicable zoning restriction or it is not.  Here, the only conclusion permitted by the evidence is that at the time of its construction and at all times thereafter prior to the effective date of the 1978 zoning ordinance, Martin Media's twenty-four

11

foot high billboard was not a lawful use of the land on which it was constructed.

Accordingly, the grandfathering provision of Section 606 of the 1978 zoning ordinance has no application to Martin Media's billboard because the billboard was not a "[l]awful use[] of land, which at the effective date of [the] Ordinance . . . [became] non-conforming." Rather, the use was already unlawfully nonconforming prior to the enactment of the 1978 zoning ordinance and continues to be so.

Similarly, Section 607 has no application to the facts of this case because Martin Media's billboard did not become nonconforming as a result of a restriction on its height in the 1978 zoning ordinance, but was nonconforming when constructed because of the height restriction existing at that time. It is of no moment that the 1978 zoning ordinance may have effectively repealed that restriction by banning all billboards regardless of height. The undeniable fact, based upon the record, remains that this twenty-four foot high billboard was from its inception an unlawful use of Martin Media's land and that no variance to permit that use has been proven to exist.

We hold that the trial court erred in ruling that Martin Media's billboard is a lawful nonconforming use of land under the 1978 zoning ordinance and that the Town is not entitled to the injunctive relief it seeks. Accordingly, the Town may

12

require Martin Media to remove the billboard.  This being the case, we need not consider the remaining assignments of error and cross-error related to the collateral issues whether the new light fixtures are a proper incidental use of the billboard and whether the billboard remains a "structure" for purposes of applying the 1978 zoning ordinance.

CONCLUSION

For these reasons, the judgment of the trial court will be reversed and the case remanded for entry of appropriate injunctive relief directing Martin Media to remove the unlawful billboard from its property.

Reversed and remanded.