# CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
Board of Supervisors

v.

Zoning Appeals Board et al.

October 4, 2005

Case No. (Law) 2005-362

BY JUDGE ARTHUR B. VIEREGG

This case originally came before me on Petitioner Board of Supervisors' Writ of Certiorari to review a decision by the Board of Zoning Appeals (the "BZA") in Appeal Application Number A-2004-MV-012 (the "Demetriou Appeal"). I heard arguments in this case on June 17, 2005, and September 23, 2005. My decision follows.

### Background

The subject property of this appeal is a single family dwelling located at 8618 Richmond Highway in Alexandria (the "Demetriou property"). It has been owned by Defendant Androula Demetriou and her husband for the past seventeen years. The Demetriou property was built in 1938. Currently, it contains two separate dwelling units. There is insufficient evidence to determine when the property became a two unit property. The Demetriou property is zoned R-2. Residential district, two units per acre. (*see* R. at 58.) Both parties concede that, given the Demetriou property's size, unless the property constitutes a nonconforming use, it may only be used as one single family residence.

On April 9, 2004, Ms. Demetriou received a Notice of Zoning Violation issued by Senior Zoning Inspector Michael L. Simms stating her property violated Fairfax County Zoning Ordinance § 2-501 because it contained two dwelling units. Demetriou appealed the Zoning Inspector's decision. After hearings on October 5 and December 21, 2004, the BZA unanimously voted to reverse the Zoning Inspector's decision.

On February 28, 2005, the Board of Supervisors filed the instant case, petitioning this Court for a Writ of Certiorari to review the decision of the BZA pursuant to Va. Code § 15.2-2314. This Court granted certiorari. On June 17, 2005, the case was reargued. After consideration of the arguments presented, I found that the BZA had not set forth findings of fact and conclusions of law supporting its reversal of the Zoning Inspector. Pursuant to Va. Code § 15.2-2314, this case was remanded back to the BZA to provide such findings of fact and conclusions of law (hereinafter the "Findings") with respect to its decision.

On July 26, 2005, the BZA met to issue its Findings. The BZA principally identified two material issues in its Findings: (1) whether use of a second apartment on the Demetriou property constituted a nonconforming use; and (2) whether the application of Va. Code § 15.2-2311(C) (hereinafter the "sixty-day rule") barred the Zoning Inspector's zoning violation citation. Va. Code § 15.2-2311(C) provides:

> In no event shall a written order, requirement, decision, or determination made by the zoning administrator or other administrative officer be subject to change, modification, or reversal by any zoning administrator or other administrative officer after 60 days have elapsed from the date of the written order, requirement, decision, or determination where the person aggrieved has materially changed his position in good faith reliance on the action of the zoning administrator or other administrative officer unless it is proven that such written order, requirement, decision, or determination was obtained through malfeasance of the zoning administrator or other administrative officer or through fraud. The 60-day limitation period shall not apply in any case where, with the concurrence of the attorney for the governing body, modification is required to correct clerical or other nondiscretionary errors.

The BZA observed that, in order for the second dwelling unit in the Demetriou property to be considered a lawful, nonconforming use, the second unit must have constituted "a lawful use existing on the effective date of the

zoning restriction." *Patton v. City of Galax*, 269 Va. 219, 225, 609 S.E.2d 41 (2005) (internal quotations and citations omitted). The BZA emphasized that, with respect to the appeal of a zoning violation, the landowner bears the burden of showing that the property's use constituted a nonconforming use. *See Knowlton v. Browning-Ferris Industries*, 220 Va. 571, 574, 260 S.E.2d 232 (1979). The BZA further explained that incomplete and absent records do not create an exception to this rule. *See Front Royal v. Martin Media*, 261 Va. 287, 294, 542 S.E.2d 373 (2001).

During the original BZA hearings, the County presented the zoning ordinances dating back to 1941. In 1941, the property was not zoned for two dwelling units. However, between 1946 and 1959, applicable zoning ordinances did permit two dwelling units by issuance of a special use permit. In 1959, the Demetriou property was re-zoned for use only as a single family residence. Thus, the BZA determined that, if the second unit on the Demetriou property constituted a nonconforming use, such a use must have commenced before 1941 or between 1946 and 1959. *See Patton*, 269 Va. at 225.

The BZA observed that, given the age of the house, many facts and records relating to the Demetriou property were unknown. It further observed that the record did demonstrate two facts with certainty: (1) that the house was built in 1938, and (2) the house contained two apartments as early as 1963. The apartments were noted by an inspector in tax records dating back to 1963. The record reflects that the County's historic preservation planner had opined that the house's dormer appeared to have been constructed in the 1950s or 1960s. The County historic preservation planner opined that use of the second dwelling unit commenced after and as a consequence of the construction of this dormer. (*See* R. at 149.) The County had also presented evidence that no permit granting specific permission for construction of a second unit on the property had been issued. Ultimately, the BZA concluded that Mrs. Demetriou produced insufficient evidence to meet her burden to show that the second dwelling unit constituted a [lawful] nonconforming use.

Despite this finding, the BZA cited the sixty-day rule in reversing the decision of the Zoning Inspector. The BZA noted that, in 1984, a partly illegible building permit for interior alterations had been issued by a zoning administrator. The BZA emphasized that pursuant to Zoning Ordinance § 18-102, as then in effect, the zoning administrator was required to confirm that the property complied with all ordinances before issuing any building permit. Thus, in order to grant a permit, the zoning administrator necessarily had had to ascertain that the building was *not* in violation of any zoning ordinance. Zoning Ordinance § 18-603 (emphasis added). The BZA therefore concluded that a zoning administrator's issuance of the 1984 building permit occurred more than

twenty years earlier and that the permit constituted a "written order, requirement, decision, or determination made by the zoning administrator." *See* Va. Code § 15.2-2311(C). The BZA then concluded that, since the Board of Supervisors failed to present any evidence that the issuance of the building permit was affected by a clerical error, malfeasance or fraud, the issuance of the building permit, including the approval of the use of the Demetriou property, could not have been challenged more than sixty days following its issuance. *See id.* Based on this reasoning, the BZA voted to reverse the Zoning Inspector's violation decision.

After the BZA published its Findings, the Board of Supervisors filed a response. The Board of Supervisors argued that the sixty-day rule could not apply to the instant case because it was not enacted until 1997. Demetriou conceded, both on brief and in oral argument, that the sixty-day rule could not properly have been the basis for the BZA reversal. She argued, however, that circumstantial evidence in the record required the BZA to have concluded that the second dwelling unit in the property was constructed before 1959 and, therefore, that it had constituted a lawful, nonconforming use.

*Decision*

In determining the merits of the appeal before me, "the BZA's decision is presumed to be correct and can be reversed or modified only if . . . the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance." *Toone v. Zoning Appeals Board,* 54 Va. Cir. 33 (2000) (quoting *Foster v. Geller,* 248 Va. 563, 566, 449 S.E.2d 802 (1994)). The party challenging the BZA's decision has the burden of proof on these issues. *Foster,* 248 Va. at 566.

In this case, the BZA plainly applied "erroneous principles of law" because the General Assembly clearly intended the sixty-day rule to have only prospective application. *See* Clause 2 of Va. Acts 1995, c. 424. Since Va. Code § 15.2-2311 was not enacted until 1997, the BZA's reliance on the sixty-day rule was plainly incorrect. Therefore, after considering the arguments presented on June 17, and September 23, 2005, and the Findings presented by the BZA, I find that the BZA's application of the sixty-day rule was erroneous and, consequently, that its decision reversing the Zoning Inspector in that regard must be reversed.

There remains the BZA's finding that the current use of the property is *not* a lawful, nonconforming use. Ms. Demetriou bears the burden of proving that this finding should be reversed. *See Knowlton,* 220 Va. at 574. Ms. Demetriou contends that there is enough circumstantial evidence to merit

reversal. In that regard, Ms. Demetriou emphasized the 1984 building permit and the BZA's finding that, for this permit to issue, her home must have been found to be in compliance with the effective zoning ordinances.

It appears plain from the record of the July 26, 2005, hearing that the BZA did not expressly discuss how the issuance of the 1984 building permit related to the nonconforming use issue. However, it is also plain that the BZA did consider the facts surrounding the issuance of the 1984 building permit in consideration of the sixty-day rule issue. This Court may not infer that the 1984 building permit was *not* considered in relation to the nonconforming use issue. Thus, this Court may not conclude that the BZA's finding that Mrs. Demetriou did not sustain her burden of proving a nonconforming use is plainly wrong. As aforementioned, the BZA's findings are presumed to be correct unless "the BZA applied erroneous principles of law or was plainly wrong and in violation of the purposes and intent of the zoning ordinance." *See Patton,* 269 Va. at 229 (2005); *Higgs v. Kirkbride,* 258 Va. 567, 573, 522 S.E.2d 861 (1999); *Foster,* 248 Va. at 566. Therefore, I affirm the original determination of the Zoning Inspector that the present use of the Demetriou property is not a [lawful] nonconforming use and reverse the BZA's decision to the contrary.